STATE of Texas,

v.

Gabriela TERRAZAS, Appellee.

No. 1628–96.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 4, 1998.

Matthew Dekoatz, El Paso, for appellant.

John L. Davis, Asst. Dist. Atty., El Paso, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

PRICE, Judge, delivered the opinion of the Court in which McCORMICK, Presiding Judge, and BAIRD, OVERSTREET and MEYERS, Judges, joined, and in which WOMACK, Judge, joined except as to footnote 2.

Appellee was indicted for tampering with a governmental record. TEX. PEN.CODE ANN. § 37.10 (Vernon 1994). Specifically, the indictment alleged that she made a false entry in an application for assistance from the Texas Department of Human Services ("DHS") when she listed three of her children as living with her during certain time periods when they were living with their father. Appellee filed a pretrial motion to dismiss the indictment and a motion to suppress a statement that she made to a welfare fraud investigator. Appellee contended that her rights to due process and due course of law under the United States Constitution and the Texas Constitution were violated because the El Paso County District Attorney's office was compensated by the DHS for accepting cases submitted by DHS for prosecution.[1] She also contended that her statement was involuntarily made.

After a hearing, the trial court dismissed the indictment with prejudice and suppressed Appellee's statement. The State appealed.

---

1. In the Court of Appeals, Appellee pointed out that Tex.Gov't Code § 41.004 provides:

   A district or county attorney, either before or after the case is tried and finally determined, may not take from any person a fee, article of value, compensation, reward, or gift, or a promise of any of these, to prosecute or as consideration or a testimonial for his services in a case that he is required by law to prosecute.

The Court of Appeals reversed both orders, holding that the trial court lacked authority to dismiss the indictment with prejudice and that the trial court abused its discretion in granting the motion to suppress the statement. *State v. Terrazas*, 933 S.W.2d 263 (Tex.App.—El Paso 1996). We granted grounds one and two of Appellee's petition for discretionary review, which alleged, respectively, that the Court of Appeals erred in holding that the trial court could not dismiss an indictment with prejudice and that the Court of Appeals erred in conducting a de novo review of the trial court's decision to grant Appellee's motion to suppress her statement.

## DISMISSAL OF INDICTMENT

### Evidence at Hearing

At the hearing, there was evidence that beginning in 1985 the El Paso County District Attorney's office and DHS entered into a contract under which the District Attorney would receive funds through DHS for the prosecution of welfare fraud cases referred to the District Attorney from the Office of the Inspector General of DHS. The District Attorney's office would receive $433 for each referred case that resulted in deferred adjudication, a conviction, or an acquittal. No money was paid for a dismissal. The United States Department of Agriculture provided the funds.

There was a marked increase in the number of welfare cases accepted by the District Attorney between 1991 and 1994. The chief of the screening section of the District Attorney's office testified that she did not consider the compensation in making intake decisions. She explained that the previous administration refused the cases as felony cases and that the cases were then referred to the County Attorney for prosecution as misdemeanor cases. The State points out in its brief that in October 1993 the District Attorney took over prosecution of the vast majority of misdemeanors, including welfare fraud cases, from the County Attorney. Tex. Gov't Code §§ 43.120(c), 45.171(b). The compensation for welfare fraud cases was the same whether prosecuted as a misdemeanor or a felony.

### Court of Appeals' Holding

The Court of Appeals stated that a trial court may not dismiss an indictment with prejudice without the prosecutor's consent, except as authorized by the constitution, a statute, or common law. *Terrazas*, 933 S.W.2d at 267, citing *State v. Johnson*, 821 S.W.2d 609, 612 (Tex.Crim.App.1991), and *Gaitan v. State*, 905 S.W.2d 703, 704 n. 4 (Tex.App.—Houston [14th] 1995, pet. ref'd). The Court of Appeals further observed that a trial court is authorized to dismiss an indictment with prejudice (1) for a defect of form or substance; (2) for the denial of the constitutional right to a speedy trial; (3) under Article 32.01 of the Code of Criminal Procedure when a person is detained and no charging instrument is properly presented; and (4) if prosecutorial misconduct prejudicially violates a defendant's right to counsel, and the exclusion of the evidence will not cure the prejudice. *Id.*, citing *Johnson*, 821 S.W.2d at 612 n. 2; *State v. Frye*, 897 S.W.2d 324, 330 (Tex.Crim.App.1995); and *Gaitan*, 905 S.W.2d at 706. The Court of Appeals concluded that the trial court's dismissal of the indictment with prejudice in the present case did not fall within one of the circumstances set out in *Johnson* or *Frye*. Consequently, the Court of Appeals held that the trial court lacked authority to dismiss the indictment.

### Parties' Arguments

Appellee relies on *Cook v. State*, 940 S.W.2d 623 (Tex.Cr.App.1996), *Frye*, and *Johnson* to argue that a trial court may dismiss a charging instrument when a defendant is denied due process, due course of law, and statutory protections.

The State's response follows the rationale used by the Court of Appeals. According to the State, there are only four circumstances under which a trial court is authorized to dismiss a charging instrument—those listed by the Court of Appeals. The State also asserts that this Court's holding in *Frye* concerned a dismissal when necessary to protect a defendant's Sixth Amendment right to

counsel, which is not present in Appellee's case.

The State observes that this Court's granting of Appellee's petition for discretionary review raises issues about *Frye*'s continued viability, the limitation of *Frye* to its facts, or the possible expansion of *Frye*. The State recognizes that *Frye* and *Cook* can be read to mean: when the State has engaged in egregious prosecutorial misconduct resulting in demonstrable prejudice to the defendant, or a substantial threat of prejudice, and when the trial court is unable to identify and neutralize the effects of the misconduct by other means, such as by suppression of evidence, the trial court then has authority and discretion to dismiss the prosecution against the defendant. The State concludes that before a trial court reaches the discretionary threshold for possible dismissal of an indictment, the record must show: (1) there was egregious prosecutorial misconduct; (2) the egregious prosecutorial misconduct deprived the defendant of his defense by a violation of the defendant's constitutional rights; and (3) the only way that the taint of the State's prosecutorial misconduct can be neutralized is by dismissing the indictment. *See Cook*, 940 S.W.2d at 625–28, and n. 7, and *State v. Frye*, 897 S.W.2d at 330–31. The State then argues that none of the *Frye/Cook* factors are present in Appellee's case.

### Analysis

Article 27.03 of the Texas Code of Criminal Procedure provides that a motion to set aside an indictment or information may be based on any of three grounds, "[i]n addition to any other grounds authorized by law." The question is whether a due process or due course of law violation can be a "ground authorized by law" for dismissing a charging instrument.

In *Johnson* the trial court dismissed the information because the prosecutor failed to appear when the case was called. In holding that the trial court lacked authority to dismiss the charging instrument, this Court stated, "Generally speaking, a court's author-

ity to act is limited to those actions authorized by constitution, statute, or common law". *Johnson*, 821 S.W.2d at 612. We held:

> [State v.] Anderson[, 119 Tex. 110, 26 S.W.2d 174 (Tex.Com.App.1930),] and its progeny settle the issue with regard to the common law: except in certain circumstances, a court does *not* have the authority to dismiss a case unless the prosecutor requests a dismissal. We also hold that there is no inherent power to dismiss a prosecution, since dismissal of a case does not serve to "enable our courts to effectively perform their judicial functions and to protect their dignity, independence and integrity." Last, we find no statutory or constitutional provision which would imply a court's authority to dismiss a case without the state's consent, in contravention of the settled common law. In sum, there is no general authority, written or unwritten, inherent or implied, which would permit a trial court to dismiss a case without the prosecutor's consent.

*Id.* at 613. This language from *Johnson*, that we found no statutory or constitutional provision which would imply a court's authority to dismiss a case without the State's consent, in contravention of the settled law, and that there is no general authority that would permit a trial court to dismiss a case without the prosecutor's consent, can be read to mean that a court has no authority to dismiss a charging instrument with prejudice as a remedy for a constitutional violation. *See Frye*, 897 S.W.2d at 333 (Keller, J., dissenting). However, when read in context of the entire opinion in *Johnson*, this language expressed the lack of a specific statutory or constitutional provision granting trial courts general authority to dismiss a charging instrument with prejudice. In *Johnson*, we were not faced with dismissal of a case as a remedy for an alleged constitutional violation. Moreover, we recognized in *Johnson* that there are circumstances under which a trial court may dismiss a charging instrument without the prosecutor's consent.[2] *Johnson*, 821 S.W.2d at 612 n. 2.

We also observed:

---

**2.** The judicial power of this State is vested in the courts created by the Texas Constitution. Tex.

Const. Art. 5, § 1. Although we will not explore the boundaries of "judicial power" in this opin-

[A] court has the power to dismiss a case without the State's consent in certain circumstances, such as when a defendant has been denied a speedy trial, when there is a defect in the charging instrument, or, pursuant to Article 32.01, when a defendant is detained and no charging instrument is properly presented. The power to dismiss in these circumstances is authorized by common law or statute and does not give rise to a general right to dismiss in contravention of the general rule stated in *Anderson*.

*Id.* at 612 n. 2. Therefore, a trial court does not have authority to dismiss a case unless the prosecutor asks for a dismissal, except in certain circumstances. *Id.* at 613. In *Johnson*, we set out three circumstances in which a dismissal is authorized. *Id.* at 612 n. 2.

The list of authorized dismissal situations in *Johnson*, which the Court of Appeals in the present case held was exclusive along with the situation in *Frye*, was a list of examples only. *See id.* at 612 n. 2 (list prefaced by "such as"); *Frye*, 897 S.W.2d at 330 (rejecting State's argument that dismissal was improper under *Johnson* and that lack of precedent precludes a violation of a particular constitutional right as a basis for dismissing a charging instrument with prejudice). In *Frye* we observed that the United States Supreme Court has held that when a Sixth Amendment violation has occurred, the trial court must "identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant effective assistance of counsel and a fair trial." *Frye*, 897 S.W.2d at 330, citing *United States v. Morrison*, 449 U.S. 361, 365, 101 S.Ct. 665, 668, 66 L.Ed.2d 564, 568 (1981). A dismissal

may be proper when "a defendant suffers demonstrable prejudice, or a substantial threat thereof, and where the trial court is unable to identify and neutralize the taint by other means." *Id.* In addition to the situations referenced in *Johnson* and *Frye*, there can be other constitutional grounds for dismissing a charging instrument. *See Cook*, 940 S.W.2d at 625–27 (under the facts of that case it was possible, consistent with *United States v. Morrison*, to neutralize the taint of the State's *Brady*[3] violation, so the appellant was entitled to a reversal and remand, rather than a dismissal of the prosecution with prejudice); and *Spence v. State*, 795 S.W.2d 743, 749–50 (Tex.Cr.App.1990) (preindictment delay can violate the Due Process Clause of the Fifth Amendment, requiring dismissal of the indictment).

In light of *United States v. Morrison*, *Johnson*, *Frye*, *Cook*, and *Spence*, the Court of Appeals erred in limiting a trial court's authority to dismiss a charging instrument to the four situations delineated in *Johnson* and *Frye*. The situations discussed in *Johnson* were exemplary, not exhaustive. We explained in *Frye* that even though a particular constitutional violation was not among those set out as an authorized basis for a trial court's dismissal of a charging instrument in *Johnson*, or in any other opinion from a Texas court, that did not preclude a trial court from having the authority to dismiss on that ground. *Frye*, 897 S.W.2d at 330.

Because the Court of Appeals held that a trial court was not authorized to dismiss an indictment for a due process violation, that court never reached the question of whether Appellee was denied her rights to due process and due course of law. Although Judge

---

ion, judicial power certainly includes the power to enforce the constitutions and laws of the United States and the State of Texas. To enforce and protect constitutional rights, courts must have authority to fashion appropriate remedies for violations of constitutional rights. The only questions in such cases are whether there was a constitutional violation and what is the appropriate remedy. Elected judges must swear or affirm that they will preserve, protect, and defend the United States Constitution and the Texas Constitution. Tex. Const. Art. 16, § 1. It would make no sense to provide for a constitutional right; require judges to preserve, protect, and defend that constitutional right; but prohibit

judges from enforcing that constitutional right and from remedying a violation of that constitutional right. *See also Weeks v. United States*, 232 U.S. 383, 393, 34 S.Ct. 341, 344, 58 L.Ed. 652, 656 (1914) (if a remedy for the violation of a constitutional right is not provided, that right might as well be stricken from the Constitution). Constitutional rights are not simply grandiose, advisory principles. They are the foundation upon which our system of the orderly administration of justice is structured.

3. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Keller raises important issues that must be considered in order to answer this question, we should not address them in the first instance. *See* art. V, § 5, TEX. CONST.; art. 44.45, TEX. CRIM. PROC. CODE ANN.; Tex.R.App. P. 66. Instead, the Court of Appeals should have the opportunity to render a decision on the merits. *See e.g., Carmona v. State*, 941 S.W.2d 949, (Tex.Crim.App.1997)(remand necessary because Court of Appeals opinion did not adequately address ground raised by appellant); *Lee v. State*, 791 S.W.2d 141 (Tex.Crim.App.1990)(remand necessary because Court of Appeals failed to measure admissibility of evidence under new Rules of Criminal Evidence); *Williams v. State*, 790 S.W.2d 643 (Tex.Crim.App.1990)(remand necessary because law regarding the admissibility of out-of-court statements of a coconspirator was inadequately addressed). Therefore, at this time a remand is the proper course of action. In light of this decision, the Court of Appeals must determine whether the trial court erred in granting Appellee's motion to dismiss the indictment. If Appellee's rights to due process and due course of law were violated, and dismissal of the indictment was the appropriate means to neutralize the taint of the constitutional violation, then the trial court did not abuse its discretion.[4] If there was no constitutional violation, or if Appellee's rights were violated but dismissal of the indictment was not necessary to neutralize the taint of the unconstitutional action, then the trial court abused its discretion.

The Court of Appeals' judgment is reversed. This case is remanded to the Court of Appeals for further proceedings consistent with this opinion.[5]

WOMACK, J., joins the judgment of the Court but not its opinion.

MANSFIELD, J., dissents.

KELLER, J., dissents in which HOLLAND, J., joins.

MANSFIELD, Judge, dissenting.

It is clear to me that the court of appeals correctly held that the trial court lacked authority to dismiss the indictment with prejudice. Indeed, in my opinion, there are no grounds present to justify the dismissal of the indictment with or without prejudice. I respectfully dissent to the opinion of the majority which reverses the judgment of the court of appeals and remands this cause to that court.

At the hearing on appellee's pretrial motion to dismiss the indictment, evidence was introduced that the El Paso County District Attorney's Office and the Texas Department of Human Services (DHS) had a long-standing agreement under which the district attorney's office would prosecute welfare fraud cases referred to it by DHS. The district attorney's office would be paid $433 by the federal government as partial compensation for expenses for each case resulting in a conviction, deferred adjudication or acquittal. No compensation would be paid for dismissed cases. Final discretion as to whether to prosecute any welfare case referred by DHS to the district attorney's office rested with that office. The present case is covered by this agreement.[1]

Texas Government Code § 41.004 (1988) provides:

*Acceptance of Reward*

A district or county attorney, either before or after the case is tried and finally deter-

---

**4.** The test we have set out in this opinion is the basic test to be used to determine whether a trial court has acted within its authority by dismissing a charging instrument on the defendant's motion. The test used in *Frye* is simply the same test tailored to the constitutional violation identified in that situation and the taint of that particular constitutional violation to be neutralized. Here, the Court of Appeals has not yet identified any constitutional violation, nor has that court determined the particular taint of any constitutional violation.

**5.** Because this case is remanded to the Court of Appeals for reconsideration on ground number one of Appellee's petition for discretionary review, we decline to address the merits of ground number two. That ground is dismissed without prejudice.

**1.** Appellee was indicted for the offense of tempering with a government record arising out of false entries allegedly made by her in applications for AFDC, food stamps and Medicaid. Tex. Penal Code 37.10.

mined, may not take from any person a fee, article of value, compensation, reward or gift, or a promise of any of these, to prosecute a case that he is required by law to prosecute or as consideration or a testimonial for his services in a case that he is required by law to prosecute.

The question of law that must be addressed is whether the legislature, in enacting Texas Government Code § 41.004, intended to forbid payment by a government agency to a district attorney's office, to defray prosecutorial costs, as being a prohibited reward. I conclude that it did not and that it is appropriate, for reasons of judicial economy, for this Court to answer this question. Indeed, there are several sections of the Government Code and the Code of Criminal Procedure that allow a district attorney's office to collect fees, retain proceeds from forfeitures and to receive other funds, *provided* this income and fee is used to defray the expenses of the office. *See, e.g.*, Tex. Gov't.Code § 41.005; Tex. Gov't.Code § 46.006(b) (1997); Tex.Code Crim. Proc., Art. 102.007 (1997); Tex.Code Crim. Proc., Art. 59.06(c) (1997). These statutes, as well as Texas Government Code § 41.004, provide that no funds received thereunder may be used to supplement the salary of the district attorney. The intent of the legislature underlying these statutes is clear: the district attorney may receive funds from various sources to pay for the expenses of his office but the district attorney, himself, may not derive any personal benefits from these funds in the form of increased salary or financial bonus. To permit him to do so, the legislature has concluded apparently, would create a potential conflict of interest in that he would have a personal financial incentive to prosecute certain cases and not others. Furthermore, giving the district attorney a personal financial interest in prosecuting certain cases may well violate the right of defendants in such cases to procedural due process under the United States and Texas Constitutions. *See Marshall v. Jerrico, Inc.*, 446 U.S. 238, 249–51, 100 S.Ct. 1610, 1617 (1980); *Young v. U.S. ex rel Vuitton et Fils S.A.*, 481 U.S. 787, 107 S.Ct. 2124, 2134–38, 95 L.Ed.2d 740 (1987); *Reese v. State*, 877 S.W.2d 328 (Tex.Crim.App.1994).

Because the funds received by the district attorney's office in the present case did not inure to the personal financial benefit of the district attorney, appellee's due process rights under the Texas and United States Constitutions were not implicated. Additionally, it would be an absurd result to find that receipt of funds by a district attorney's office from another government entity is a violation of Texas Government Code § 41.004 when those funds are intended as partial compensation for criminal prosecutions undertaken at the direct or indirect behest of that entity and do not issue to the personal financial benefit of the district attorney. *See Boykin v. State*, 818 S.W.2d 782 (Tex.Crim.App. 1991). Thus, such receipt of funds should not act as a bar to prosecution.

For the above reasons, I would reverse the orders of the trial court and would remand the cause for trial, thereby vacating the judgment of the court of appeals.

I respectfully dissent.

KELLER, Judge, dissenting.

As I understand it, the majority opinion reasons as follows: (1) the Court of Appeals held that a trial court cannot dismiss a case without the prosecutor's consent unless the reason for dismissal is one of several on an exclusive list of reasons, (2) the Court of Appeals held that the reason for dismissal in this case was not on that exclusive list, but (3) the list set out by the Court of Appeals is not in fact exclusive, therefore (4) the case *must be remanded* to determine whether the reason for dismissal is one that empowers the trial court to dismiss the case without the prosecutor's consent. I believe the inquiry in (4) is one that we ourselves should conduct at this juncture. The Court of Appeals decided that the Department of Human Services payment arrangement was not the type of error that permitted a trial court to dismiss the cause without the prosecutor's consent. We are properly in a position to review that decision. Although the reasoning supporting that decision may include a misstep, we may nevertheless review the decision without remanding the case first to correct a flaw in the Court of Appeals' reasoning. *See Cain v.*

*State*, 947 S.W.2d 262, 264–265 (Tex.Crim.App.1997)(disagreeing with Court of Appeals substantial compliance analysis but deciding the issue of harm); *Brown v. State*, 911 S.W.2d 744 (Tex.Crim.App.1995)(disagreeing with Court of Appeals repudiation of affirmative links analysis without a remand); *Jamail v. State*, 787 S.W.2d 380, 384 (Tex.Crim.App.), *cert. denied*, 498 U.S. 853, 111 S.Ct. 148, 112 L.Ed.2d 115 (1990)(Court of Appeals opinion did not adequately address grounds raised by appellant, but this Court addressed those grounds without a remand);[1] *Dorsey v. State*, 709 S.W.2d 207, 210 (Tex.Crim.App.1986)(disagreeing with Court of Appeals' reasoning regarding attitudes of victim concerning the defendant's punishment). While we *may* remand to a Court of Appeals to re-analyze a case after pointing out flaws in its reasoning, we need not do so.

And in this case, we should not do so. Whether the complained of prosecutorial misconduct permits a trial court's dismissal of the indictment is an issue that will almost certainly be addressed by this Court regardless of the Court of Appeals' disposition of the issue on remand. Moreover, appellant has a second ground for review that was granted. If the State prevails on remand on the first ground, the second ground will necessarily be granted on a subsequent appellant's petition. Neither the State nor the appellant are served by delaying the disposition of this case.

I would affirm the Court of Appeals' judgment insofar as it overturns the trial court's dismissal of the indictment. The majority is correct in saying that the list given by the Court of Appeals is not exclusive; nevertheless, most errors, constitutional or otherwise, do not authorize a trial court's dismissal of an indictment, with prejudice, without the State's consent. "[T]here is no general authority, written or unwritten, inherent or implied, which would permit a trial court to dismiss a case without the prosecutor's consent." *State v. Johnson*, 821 S.W.2d 609, 613 (Tex.Crim.App.1991). Statutory violations confer authority to dismiss an indictment with prejudice only where the statute so provides. *See* Texas Code of Criminal Procedure, Article 32.01 and former Article 28.061 (1996)(dismissal for failure to bring prosecution within grand jury term);[2] Article 51.14 (Interstate Agreement on Detainers Act). Some constitutional violations, by their nature, confer authority on the trial court to dismiss when dismissal is necessary to protect the constitutional right. Two classic examples are the right against double jeopardy and the right to a speedy trial.

But most constitutional violations do not require such a drastic remedy. "[R]eversal of the conviction and ... the provision of a new trial free of prejudicial error normally are adequate means of vindicating the constitutional rights of the accused." *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 268, 102 S.Ct. 3081, 3084, 73 L.Ed.2d 754 (1982)(ellipsis inserted). Dismissal with prejudice is a drastic remedy "rarely seen in criminal law, even for constitutional violations." *Reed v. Farley*, 512 U.S. 339, 368, 114 S.Ct. 2291, 2307, 129 L.Ed.2d 277, 300 (1994)(Blackmun, J. dissenting). Remedies should be tailored to remove the harm caused by the constitutional violation. *United States v. Morrison*, 449 U.S. 361, 366–367 and 366 n. 2, 101 S.Ct. 665, 668–669 and 668 n. 2, 66 L.Ed.2d 564 (1981).

Moreover, some types of error or misconduct, constitutional or otherwise, cannot be remedied in a defendant's criminal trial but must be remedied through other means. For example, disciplinary rule violations are not grounds for reversal of a conviction; any remedy for such violations must be sought through processes provided by the State Bar. *House v. State*, 947 S.W.2d 251, 252–253 (Tex.Crim.App.1997). Discrimination in the selection of a grand jury foreman does not call for dismissal of the indictment, if the discrimination did not affect the composition of the grand jury and the foreman's duties were only ministerial. *Hobby v. United States*, 468 U.S. 339, 346, 104 S.Ct. 3093,

---

**1.** *Jamail* was overruled on other grounds by *Hardie v. State*, 807 S.W.2d 319, 322 (Tex.Crim.App. 1991).

**2.** The requirement that a prosecution be dismissed with prejudice for failure to comply with Article 32.01 has been repealed. *See* current Article 28.061.

3097, 82 L.Ed.2d 260 (1984). And, some violations of the Fourth Amendment are not covered by the exclusionary rule. *See Arizona v. Evans,* 514 U.S. 1, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995)(exclusionary rule does not require suppression of fruits of arrest on warrant that had been quashed where court employees failed to notify law enforcement that warrant had been quashed).

In the present case, appellee contends that the policy of the district attorney's office of accepting compensation for prosecuting welfare cases violates Texas Government Code 41.004 and her constitutional rights to Due Process and Due Course of Law.[3] None of those bases are sufficient to authorize the trial court's dismissal of this cause. The statute contains no provision authorizing a dismissal with prejudice for its violation. In fact, the statute does not purport to confer any rights upon criminal defendants, but is by its nature a rule of ethical conduct for prosecutors; violations of the statute can be addressed through State Bar grievance procedures or criminal prosecution of the offending individuals. *See* Texas Disciplinary Rule of Professional Conduct 8.04(a)(12); Texas Penal Code § 39.02(a)(1). The present statutory violation is simply not the kind of violation that requires any remedy for a criminal defendant, much less the drastic remedy of dismissal with prejudice.

As for appellee's constitutional claims, I believe they are patently without merit. Prosecutorial misconduct rises to the level of a due process violation only if it significantly compromises the fundamental fairness of the proceedings. *See Greer v. Miller,* 483 U.S. 756, 765, 107 S.Ct. 3102, 3108–3109, 97 L.Ed.2d 618 (1987)(*improper question*). *See also Hobby,* 468 U.S. at 345, 104 S.Ct. at 3097. The conduct in question simply does not rise to that level. While ethically questionable (and illegal), financial reward to the prosecuting office for commencing an otherwise meritorious prosecution does not render the defendant's proceedings fundamentally unfair. And, that defendant still has the benefit of screening by a grand jury that is uninfluenced by financial concerns. Moreover, even if the compensation system created fairness concerns, to show a due process violation, appellee would have to show that the compensation scheme in some way influenced the decision to prosecute, and no evidence in the record supports that conclusion.[4] Hence, I would hold that the compensation scheme does not present a ground for dismissing the indictment.

Moreover, even if the compensation scheme created a due process violation, less drastic remedies would adequately address the concerns raised. The trial court could order a dismissal of the indictment *without prejudice* and require the State to obtain an indictment only after waiving any compensation from the Department of Human Services. "Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." *United States v. Taylor,* 487 U.S. 326, 342, 108 S.Ct. 2413, 2422, 101 L.Ed.2d 297 (1988)(interpreting federal speedy trial act). Requiring the State to obtain a new indictment without the influencing effect (to the extent that any exists) of the compensation scheme would be more than sufficient to cure any prejudice suffered by appellee. A dismissal with prejudice is simply constitutional overkill.

Hence, I would address the dismissal issue on its merits and affirm the judgment of the Court of Appeals. Then I would address appellee's second ground for review concerning her motion to suppress.[5] Because the Court fails to do so at this time, I must respectfully dissent.

HOLLAND, J., joins this dissent.

---

3. I do not perceive any conceptual distinction between the federal and State constitutional provisions in the present case. Hence, I subsume appellee's Due Course claim in the Due Process discussion of this opinion.

4. The only evidence shows the contrary.

5. Because this is a dissent to the Court's disposition on ground 1, I see no point in addressing ground 2 at this juncture, and I express no opinion as to its likely resolution.