No. 04-98-00763-CR


The STATE of Texas,

Appellant

v.


Daniel R. RUTHERFORD,

Appellee

From the 186th Judicial District Court, Bexar County, Texas

Trial Court No. 98-CR-3055

Honorable Terry McDonald, Judge Presiding

Revised Opinion and Denial of Motion for Rehearing

Opinion by: Sarah B. Duncan, Justice

Sitting: Tom Rickhoff, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

Delivered and Filed: October 13, 1999

REVERSED AND REMANDED

 We withdraw the opinion issued in this case on August 25, 1999, and substitute the following
opinion in its stead. However, we deny Daniel R. Rutherford's motion for rehearing and do not
modify the judgment issued in this case on August 25, 1999.

 The State appeals the trial court's order dismissing the indictment against Daniel R.
Rutherford for aggravated perjury and suppressing Rutherford's grand jury testimony in the related
prosecution. We reverse the trial court's rulings and remand the cause for further proceedings.

Factual and Procedural Background

 Rutherford was brought before a grand jury to testify regarding his client's "possession and
disposal of an IRS check in the amount of $22,172.47 that was issued on 4/19 of '94." Before
questioning began, Rutherford was told by an assistant district attorney he was "not a target of this
Grand Jury" or "the suspect or the accused in this investigation." "[D]ue to instructions from the
top," Rutherford was further warned as follows:

 Number one, your testimony before this Grand Jury is under oath. Number two, any
material question that is answered falsely before this Grand Jury subjects you to
being prosecuted for aggravated perjury. Number three, you have the right to refuse
to make answers to any question, the answer to which would incriminate you in any
manner. Number four, you have the right to have a lawyer present outside this
chamber to advise you before making answers to questions you feel might
incriminate you. Number five, any testimony you give may be used against you at any
subsequent proceeding. Number six, if you are unable to employ a lawyer, you have
the right to have a lawyer appointed to advise you before making an answer to a
question, the answer to which you feel might incriminate you.

After Rutherford signed a written copy of these warnings, he testified his client gave him the check
as payment for his legal services, which he believed his client was entitled to do, and he then
deposited the check in his trust account. When asked whether he received any other payments from
this client, Rutherford replied "No, we went to - we switched to pro bono." Several times during
the questioning, Rutherford stepped outside the grand jury room to consult with his attorney.

 At the time the assistant district attorney assured Rutherford he was not a target of or the
suspect in the investigation, several police documents indicated Rutherford was in fact the second
suspect in the theft of the check, and he was later indicted not only for theft of the check but also for
aggravated perjury. In the aggravated perjury charge, the State alleged Rutherford falsely testified
he received only one payment for legal services from the client in question.

 Before trial, Rutherford moved to suppress his grand jury testimony and, on similar grounds,
dismiss the indictment. Without specifying grounds for its rulings, the trial court suppressed
Rutherford's grand jury testimony and dismissed the aggravated perjury charge. The State appeals,
arguing the trial court erred in suppressing Rutherford's grand jury testimony in the perjury case and
dismissing the perjury indictment.

Standard of Review


 We review the trial court's rulings under the abuse of discretion standard. See Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); State v. Perez, 906 S.W.2d 558, 559 (Tex.
App.--San Antonio 1995), aff 'd, 947 S.W.2d 268 (Tex. Crim. App. 1997). Under this standard, we
"view the evidence in the light most favorable to the trial court's ruling," giving the trial court almost
total deference concerning findings of historical fact supported by the record. Guzman, 955 S.W.2d
at 89. We review the trial court's determination of the applicable law, as well as its application of
the appropriate law to the facts it has found, de novo. Id.

Suppression

 The State contends the trial court erred in suppressing Rutherford's grand jury testimony in
the aggravated perjury prosecution under article 38.23 of the Texas Code of Criminal Procedure and
the attenuation doctrine recognized in Johnson v. State, 871 S.W.2d 744 (Tex. Crim. App. 1994).
We agree.

 Article 38.23 requires the exclusion of evidence "obtained ... in violation of any provisions
of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States
of America ...." Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon Supp. 1998). Article 38.23's plain
language thus requires exclusion only if the accused establishes a sufficient causal relationship
between the alleged violation of law and the procurement of the evidence sought to be suppressed.
See Johnson, 871 S.W.2d at 749-51. Because this causal relationship is required, evidence is not and
cannot be "obtained in violation of the law" if a crime had not been committed, and thus evidence
of the crime did not exist, when the officer allegedly violated the law. See State v. Mayorga, 901
S.W.2d 943, 945-46 (Tex. Crim. App. 1995) (holding allegedly illegal arrest did not require
suppression of evidence of resisting arrest under article 38.23 because evidence of resisting arrest
did not exist before and thus was not obtained by allegedly illegal arrest); Cooper v. State, 956
S.W.2d 95, 97 (Tex. App.--Tyler 1997, pet. ref'd) (holding allegedly illegal arrest did not require
suppression of evidence of assaulting a peace office under article 38.23 because evidence of assault
did not exist before and thus was not obtained by allegedly illegal arrest). So it is here.

 Rutherford alleges the State obtained his grand jury testimony in violation of the law because
the assistant district attorney misrepresented his status as a suspect. However, because Rutherford's
grand jury testimony did not exist before the alleged misrepresentation, the misrepresentation could
not have been motivated by an effort to obtain evidence to use against Rutherford in an aggravated
perjury prosecution. Suppression is therefore not required under article 38.23. Mayorga, 901 S.W.2d
at 945-46. Accordingly, we hold the trial court erred in suppressing Rutherford's grand jury
testimony in the aggravated perjury prosecution.

Dismissal


 The State also argues the trial court erred in granting Rutherford's motion to dismiss the
aggravated perjury indictment. We again agree.

 Absent prosecutorial request, dismissal must be authorized by constitutional, statutory, or
common law, see State v. Terrazas, 962 S.W.2d 38, 41 (Tex. Crim. App. 1998), such as when a
defendant's Fifth Amendment right to a speedy trial has been violated, when a defendant's Sixth
Amendment right to counsel has been violated, when there is a defect in the indictment, or when the
indictment is unduly delayed. See id.; State v. Johnson, 821 S.W.2d 609, 612 n.2 (Tex. Crim. App.
1991). 

 In support of his motion to dismiss, Rutherford argued the State obtained his grand jury
testimony in violation of his federal and state constitutional rights; articles 20.17, 38.21, and 38.22
of the Texas Code of Criminal Procedure; and article 30.007 of the Texas Civil Practice and
Remedies Code.(1) None of these grounds supports dismissal.

Article 20.17, the Privilege Against Self-Incrimination,

and the Rights to Counsel and Due Process

 Rutherford's dismissal motion centered upon the State's alleged failure to comply with its
obligation under article 20.17 of the Texas Code of Criminal Procedure to inform him he was
suspected of committing a crime. See Tex. Code Crim. Proc. Ann. art. 20.17(a) (Vernon Supp.
1998). If the State had met its obligation, Rutherford argues, he would have sought the assistance
of his lawyer, who would have advised him to exercise his privilege against self-incrimination.
Rutherford thus argues the State violated his privilege against self-incrimination and his rights to
counsel and due process under the federal and state constitutions. See U.S. Const. amends. V, VI,
XIV; Tex. Const. art. 1, §§ 10, 19.

 The privilege against self-incrimination protects a grand jury witness from being compelled
to give self-incriminating testimony. See Andino v. State, 645 S.W.2d 615, 620 (Tex. App.--Austin
1983, no pet.). However, this privilege does not provide a witness with "protection for the
commission of perjury." Butterfield v. State, 992 S.W.2d 448, 450 (Tex. Crim. App. 1999); see
United States v. Wong, 431 U.S. 174, 178 (1977). As the Fifth Circuit has so aptly stated:

 While we strongly disapprove of any prosecutorial misleading of a grand jury
witness, it likewise would ill serve the administration of justice to suggest that a
judicially cognizable nexus may exist between a grand jury witness' belief that he
personally is not a target of the investigation and his decision to thereafter give false
testimony under oath to the grand jury.


United States v. Williams, 874 F.2d 968, 975 (5th Cir. 1989); see United States v. Babb, 807 F.2d
272, 277 (1st Cir. 1986).(2)

 A violation of due process is likewise no "defense to ... perjury." Yarbrough v. State, 617
S.W.2d 221, 229 (Tex. Crim. App. 1981). Similarly unavailing is the right to counsel. A grand jury
witness does not have a constitutional right to have his attorney present during a grand jury
proceeding. United States v. Mandujano, 425 U.S. 564, 581 (1976); see also Conn v. Gabbert, 119
S.Ct. 1292, 1296 (1999).

Unreasonable Search and Seizure


 Rutherford also argued dismissal was required because his grand jury testimony was the
result of an unreasonable search and seizure. See U.S.Const. Amend. IV; Tex. Const. art. I, § 9.
However, a grand jury subpoena is not a seizure under either the federal or state constitution. United
States v. Dionisio, 410 U.S. 1, 10 (1973) (quoting Fraser v. United States, 452 F.2d 616, 620 (7th
Cir. 1971)); Johnson v. State, 912 S.W.2d 227, 233-34 (Tex. Crim. App. 1995).

Texas Civil Practice and Remedies Code Section 30.007


 Finally, Rutherford's motion argued that dismissal was required because his bank failed to
comply with section 30.007 of the Texas Civil Practice and Remedies Code in turning over
information on his bank account. However, Section 30.007 "does not apply to  a record request
from or report to a government agency arising out of the investigation or prosecution of a criminal
offense." Tex. Civ. Prac. & Rem. Code Ann. § 30.007(b) (Vernon 1997).

Conclusion


 There is no support for the trial court's suppression of Rutherford's grand jury testimony in
the aggravated perjury prosecution or its dismissal of the aggravated perjury indictment. We
therefore reverse the trial court's order to the extent it dismisses the perjury indictment and
suppresses the grand jury testimony in the perjury prosecution and remand the cause for further
proceedings.

 

 Sarah B. Duncan, Justice

Publish


1. We have found support for dismissal based on the Sixth Amendment but not on any other ground included in
Rutherford's motion. See e.g., 41 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and
Procedure § 18.46 (1995) (remedy for violation of article 20.17 is probably exclusion of incriminating statements made
during the improper questioning, not an attack on the indictment); State v. Nolan, 808 S.W.2d 556, 560-61 (Tex.
App.--Austin 1991, no pet.) (appropriate remedy for violation of defendant's right against unreasonable search and
seizure is suppression of the evidence not dismissal of the indictment). We nonetheless consider all grounds urged in
Rutherford's motion on their merits.
2. Because Rutherford's Fifth Amendment claim fails, so does his claim under articles 38.21 and 38.22 of the
Texas Code of Criminal Procedure. See Parks v. State, 666 S.W.2d 597, 599 (Tex. App.--Houston [1st Dist.] 1984, no
pet.) (scope of protection under Texas Code of Criminal Procedure is no broader than that under the Fifth Amendment).