

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00182-CR

---

ROBERT BURNS MCCALL A/K/A ROBERT MAIZE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCR-5833-18, Honorable Felix Klein, Presiding

---

June 9, 2022

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Robert Burns McCall, appeals his conviction for violating a civil commitment requirement[1] and resulting sentence of twenty-five years' incarceration.[2] We affirm the judgment of the trial court.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 841.085.

[2] The trial court found enhancement allegations that appellant had previously been convicted of three felonies to be true, so the applicable range of punishment was life, or ninety-nine to twenty-five years. *See* TEX. PENAL CODE ANN. § 12.42(d).

**BACKGROUND**

Because both of appellant's issues relate to trial court rulings on the admission or exclusion of evidence, we will briefly identify the facts underlying appellant's conviction to provide context for the present appeal.

On January 27, 2015, appellant was adjudicated and civilly committed as a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.081. One of the requirements of appellant's commitment is that he must submit to global positioning satellite (GPS) monitoring. Further, appellant was ordered not to "tamper with, alter, modify, obstruct[,] or manipulate the GPS frequency . . . ." During appellant's commitment, he was placed in the Texas Civil Commitment Center (TCCC). While at TCCC, appellant remained subject to constant GPS monitoring via an ankle monitor. On October 15, 2018, TCCC employees received a "strap alert," notifying appellant's case manager that his GPS monitor's strap had been tampered with or broken. Upon inspection, it appeared that appellant had forcibly removed the GPS monitor. As a result of this incident, appellant was indicted for violating a civil commitment requirement for intentionally or knowingly violating a requirement of his civil commitment by tampering with, altering, modifying, obstructing, or manipulating his GPS tracking device.

As part of his trial preparation, appellant designated Dr. Ira Thomas as an expert witness. The trial court held a hearing on Thomas's qualifications to testify as an expert. During this hearing, Thomas testified that he had previously provided expert testimony in "criminal cases, assault cases, cases of capital cases, those types of things." He also testified that he had provided such expert testimony in Lubbock County in the preceding

2

two to four years. At the close of the hearing, the trial court informed the parties that it would decide whether Thomas could testify and notify counsel of its decision. When the court notified counsel that Thomas would be allowed to testify, the State informed the trial court and opposing counsel that it thought that Thomas had provided untruthful testimony by saying he had been qualified as an expert in Lubbock County capital cases. Appellant's counsel notified Thomas of the State's contention. As a result, Thomas retained counsel to advise him regarding whether to testify in appellant's case.

On the day of trial, a full discussion of the matter was had before the trial court before jury selection began. During this discussion, the State indicated that it did not intend to pursue charges against Thomas for perjury. Thomas's counsel asked whether the State would grant Thomas prosecutorial immunity "for anything he says on the stand." The State responded that it would not grant such broad immunity. Subsequently, Thomas took the stand and testified that, on the advice of counsel, he would not testify. Appellant argued that denying him the ability to present testimony from his expert denied him his due process rights. Appellant sought to make an offer of proof to show how Thomas would have testified but the trial court denied that request as premature. Appellant then sought dismissal of the case due to prosecutorial misconduct. The trial court overruled this request.

Following the hearing, the trial of appellant proceeded. Without hearing Thomas's testimony, a jury convicted appellant of the charged offense. Following a brief punishment hearing, the trial court found the enhancement allegations true and sentenced appellant to twenty-five years' incarceration. After judgment was entered, appellant timely filed notice of appeal.

Appellant presents two issues by his appeal. By his first issue, appellant contends that the trial court erred by denying his motion to dismiss based on prosecutorial misconduct that denied appellant a fair trial. Appellant's second issue contends that his right to due process was violated by the State's interference with his ability to present a defense.

## PROSECUTORIAL MISCONDUCT

By his first issue, appellant contends that it was error for the trial court to deny his motion to dismiss due to prosecutorial misconduct after the State substantially interfered with a defense witness's decision whether to testify. The State responds that there was no prosecutorial misconduct so the trial court did not err in denying appellant's motion to dismiss.

Trial courts do not have general authority to dismiss a case without the prosecutor's consent. *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003). There are, however, certain exceptions. *Id.* A trial court may dismiss a case without the State's consent to remedy a constitutional violation but such a dismissal is "a drastic measure only to be used in the most extraordinary circumstances." *Id.* at 817 (quoting *State v. Frye*, 897 S.W.2d 324, 330 (Tex. Crim. App. 1995)). In other words, a court may dismiss an indictment without the State's consent only when "necessary to neutralize the taint of the unconstitutional action . . . ." *Id.* We review a court's ruling on a motion to dismiss for abuse of discretion. *See State v. Terrazas*, 962 S.W.2d 38, 42 (Tex. Crim. App. 1998) (en banc). A trial court abuses its discretion if it dismisses an indictment when

4

there was no constitutional violation or the dismissal was not necessary to remove the taint of the unconstitutional action. *Id.*

We are to presume that a prosecution for the violation of a criminal law is undertaken in good faith, in a nondiscriminatory fashion, and for the purpose of bringing violators of the law to justice. *Gawlik v. State*, 608 S.W.2d 671, 673 (Tex. Crim. App. 1980). It is not improper for a judge or prosecutor to advise prospective witnesses of the consequences of their testimony and to warn of the penalties for testifying falsely. *Carranza v. State*, No. 04-93-00619-CR, 1996 Tex. App. LEXIS 759, at *12 (Tex. App.— San Antonio Feb. 28, 1996), *aff'd*, 960 S.W.2d 76 (Tex. Crim. App. 1998). However, under certain circumstances, a judge's or prosecutor's threats or intimidation that dissuade a witness from testifying or persuade a witness to change his testimony may infringe a defendant's due process rights. *Davis v. State*, 831 S.W.2d 426, 437 (Tex. App.—Austin 1992, pet. ref'd). One such instance is when warnings concerning the dangers of perjury are emphasized to the point where they threaten and intimidate the witness into refusing to testify. *Id.* at 438.

In reviewing a claim of threats or intimidation rising to the level of a due process violation, we examine the circumstances under which the admonition was made, the tenor of the warning given, and its likely effect on the witness's intended testimony. *Id.* We may also consider the extent to which the witness relies on the advice of counsel. *Carranza*, 1996 Tex. App. LEXIS 759, at *14 (citing *Gutierrez v. State*, 681 S.W.2d 698, 707-08 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd)).

5

In the present case, the prosecutor informed the trial court and defendant's counsel, through text message, that he believed that Thomas may have committed perjury when he testified about his qualifications. The State did not make any sort of direct threat to Thomas and used equivocal language in articulating its belief that Thomas had committed perjury. At no time did the State ever convey its belief directly to Thomas. When Thomas appeared at the subsequent pre-trial hearing, he was represented by counsel. During a brief exchange outside of the presence of the jury, the State expressly stated that it did not intend to prosecute Thomas for the possibility that he committed perjury during the prior hearing. Thomas's counsel asked for prosecutorial immunity for Thomas, but his request was for immunity for "anything he says on the stand." We cannot fault the State for refusing such a broad request for immunity. Further, it is unclear how immunity for future testimony would have provided Thomas any assurance regarding previous potentially perjurious testimony. However, of greatest significance to our analysis, Thomas testified that he was choosing to follow the advice of his counsel and refusing to testify.[3] Under the circumstances of this case, we find no prosecutorial misconduct. *See id.* (finding no prosecutorial misconduct when prosecutor made no threats or promises, and witnesses chose not to testify in reliance on the advice of

---

[3] We recognize appellant's argument that concluding there was no prosecutorial misconduct or denial of due process because the witness was advised not to testify by counsel would shield threats and intimidation from the court's review. Here, there was no threat or intimidation from the State and the exact details of what transpired were before the trial court and are reflected in the appellate record. Similar to a claim of ineffective assistance of counsel, unless the record reflects the specific foundation for counsel's advice to the witness not to testify, a court would, of necessity, be forced to speculate as to why counsel advised his client not to testify. A reviewing court cannot speculate beyond the record provided. *Bell v. State*, No. 01-03-00973-CR, 2005 Tex. App. LEXIS 648, at *9 (Tex. App.—Houston [1st Dist.] Jan. 27, 2005, pet. ref'd) (mem. op.) ("a reviewing court must presume that the actions [of counsel] were taken as part of a strategic plan for representing the client").

counsel). Because we find no prosecutorial misconduct, we do not conclude that the trial court erred in denying appellant's motion to dismiss the indictment against him.

For the foregoing reasons, we overrule appellant's first issue.[4]

## DUE PROCESS CLAIM

By his second issue, appellant contends that his right to due process was violated by the State's interference with his right to present his defense. The State argues that appellant has wholly failed to meet his burden of showing that the State's actions denied him his due process rights.

"The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense . . . ." *Washington v. Texas*, 388 U.S. 14, 19, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967). Substantial governmental interference with a defense witness's free and unhampered choice to testify, such as through threats or intimidation, violates the due process rights of the defendant. *United States v. Goodwin*, 625 F.2d 693, 703 (5th Cir. 1980); *see also Gilcrease v. State*, 32 S.W.3d 277, 279 (Tex. App.—San Antonio 2000, pet. ref'd). A prosecutor or the judge may advise prospective witnesses of the penalties for testifying falsely, but warnings regarding the dangers of perjury that are emphasized to the point where they threaten or

---

[4] In his brief, appellant makes passing reference to the trial court's denial of his motion for continuance. However, he fails to cite any legal authority or provide any substantive analysis in support of an argument that the trial court erred in denying his motion for continuance. *See Herrera v. State*, No. 07-19-00368-CR, 2020 Tex. App. LEXIS 6093, at *5 (Tex. App.—Amarillo Aug. 3, 2020, no pet.) (mem. op., not designated for publication) (per curiam) (complaints not accompanied with substantive briefing or citation to pertinent authority are waived). To the extent appellant attempts to raise an issue regarding the denial of his verbal motion for continuance, we deny the same as inadequately briefed.

intimidate the witness violate the defendant's due process rights. *Hardy v. State*, No. 01-89-00490-CR, 1990 Tex. App. LEXIS 446, at *10 (Tex. App.—Houston [1st Dist.] Mar. 1, 1990, pet. ref'd) (citing *United States v. Blackwell*, 694 F.2d 1325, 1333 (D.C. Cir. 1982), and *Webb v. Texas*, 409 U.S. 95, 98, 93 S. Ct. 351, 34 L. Ed. 2d 330 (1972)). As previously indicated, we may consider the extent to which the witness relies on the advice of counsel in assessing whether the State violated appellant's due process rights. *Carranza*, 1996 Tex. App. LEXIS 759, at *14.

As addressed above, we do not find the prosecutor's statements made to the trial court and defense counsel that Thomas may have committed perjury to amount to a threat, especially considering the State's explicit, on-the-record statement that it did not intend to prosecute Thomas for any perjury committed in the earlier pre-trial hearing. Thomas acknowledged his awareness that the State had indicated that it did not intend to prosecute him for perjury, yet he persisted in refusing to testify on the advice of his counsel. As such, Thomas's unavailability to the defense was due to Thomas's own personal decision and not the result of any interference by the State. *Id.*; *see Hardy*, 1990 Tex. App. LEXIS 446, at *11 ("In this case, appellant was not denied due process, because the State did not deprive appellant of Smith's testimony. The choice was hers, based on her own attorney's advice.").

Having found no violation of appellant's due process rights, we overrule appellant's second issue.

8

## REFORMATION OF JUDGMENT

During the Court's review of this appeal, it came to the Court's attention that the judgment should be reformed because it incorrectly identifies the statute under which appellant was convicted. When an appellate court has the necessary data and evidence before it for reformation, the judgment and sentence may be reformed on appeal. *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Here, the judgment reflects that appellant was convicted under Texas Health and Safety Code section 481.082. However, this statute was repealed in 1998. The judgment should reflect that appellant was convicted under Texas Health and Safety Code section 841.085. Accordingly, we reform the judgment to reflect that appellant was convicted under Texas Health and Safety Code section 841.085.

## CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court as reformed herein.

Judy C. Parker
Justice

Do not publish.

9