

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-21-00216-CR |
| Appellant, | § | Appeal from the |
| v. | § | 210th Judicial District Court |
| IVAN GABALDON, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20210D02909) |

## <u>CONCURRING OPINION</u>

I write separately to acknowledge that on the other side of the constitutional violation over which we affirm Gabaldon's freedom lies the life of another man. Regrettably, the State's misconduct has robbed the community, most especially Mr. Flores's loved ones, of the process of determining the truth about what happened on February 22, 2021.

On appeal, the standard of review—the legal parameters within which we must assess the trial court's decision in this case—is whether the trial court abused its discretion in ruling as it did.[1] By law, the trial court has discretion to dismiss an indictment with prejudice in cases of egregious prosecutorial misconduct.[2] And when supported by the record, as it is in this case, we

---

[1] *See State v. Frye*, 897 S.W.2d 324, 330 (Tex. Crim. App. 1995).
[2] *State v. Terrazas*, 962 S.W.2d 38, 40 (Tex. Crim. App. 1998).

must defer to the trial court's determination of the facts and its assessment of the State's credibility.[3]

This ruling has broad implications on promoting the integrity of the justice system itself. The primary duty of a prosecutor, as an arm of law enforcement, is "not to convict, but to see that justice is done."[4] If we were to allow the State's misconduct here, what would keep other prosecutors from using the same tactics to force lengthy continuances by similarly violating individuals' constitutional rights when the State finds itself unprepared and unwilling to move forward?

Dismissing a case with prejudice is a drastic measure. However, in this case, due to the very nature of the constitutional violation—a due process violation in retaliation for an invocation of the right to a speedy trial—dismissal without prejudice would give the State exactly what it wanted and more. The State could move forward with an indictment on a capital murder charge or any lesser included offense at the prosecutor's discretion and do so with the benefit of even more time. In this case, we simply cannot fashion a remedy that "neutralize[s] the taint of the constitutional violation at issue"[5] short of turning back the clock. As we do not have that power, I concur with the majority.

LISA J. SOTO, Justice

February 7, 2023

Before Rodriguez, C.J., Soto, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (sitting by assignment)

(Publish)

---

[3] *Neal v. State*, 150 S.W.3d 169, 174–75 (Tex. Crim. App. 2004).
[4] TEX. CODE CRIM. PROC. ANN. art. 2.01 (titled "Duties of district attorneys").
[5] *State v. Hill*, 558 S.W.3d 280, 287 (Tex. App.—Dallas 2018, no pet.); *see also Frye*, 897 S.W.2d at 330.