AFFIRM as modified; Opinion issued October 30, 2012



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-12-00382-CR

THE STATE OF TEXAS, Appellant

V.

CRAIG MASON, Appellee

On Appeal from the County Criminal Court No. 6
Dallas County, Texas
Trial Court Cause No. M09-261-39

# OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Morris

The trial court in this case denied the State's first motion for continuance on the day Craig

Mason's trial for driving while intoxicated was set to begin. After the trial court denied its motion

for continuance, the State filed a motion to dismiss the case without prejudice. The trial court, over

the State's objection, dismissed the case with prejudice. The State contends on appeal that the trial

court had no authority to dismiss the prosecution with prejudice without the State's consent. We

modify the trial court's order to delete the "with prejudice" language and affirm the order as

modified.

I.

At the first trial setting in appellee's DWI case, the State filed a written motion for

continuance. The prosecutor explained that the State had subpoenaed the officer who stopped appellee but the officer had not appeared that morning for trial. The State had also attempted to reach the officer through his police department, but the department had been unable to locate the officer, who was on patrol. The trial court denied the State's motion for continuance, at which time the State filed a motion to dismiss the case without prejudice.

At the conclusion of the hearing on the motion for continuance and the motion to dismiss, the trial judge made clear that she intended to dismiss the case with prejudice, noting that almost three years had passed from the time of the alleged offense to the time of the first trial setting. The trial judge also mentioned a possible "time bar" in the case. The trial judge asked where the "good faith" was in the State's refiling the case. The prosecutor responded that the State still believed it could "make our case once we have the presence of our officer." At that point, the judge again decried the fact that almost three years had passed from the time of the alleged offense to the trial date. She stated that both the motion for continuance and the motion for dismissal had not been timely filed. She then stated that she thought appellee was entitled to a dismissal with prejudice. The dismissal order does just that. The record contains no evidence of a speedy trial motion being filed by appellee. In addition, the record reflects that appellee was released on bond, rather than incarcerated, from the time of his arrest to the time of trial.

II.

The State brings two issues challenging the trial court's order. In its first issue, the State asserts that it is permitted to appeal the trial court's order under Texas Code of Criminal Procedure article 44.01(a)(1). *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (West Supp. 2011). Appellee does not contest the State's right to do so, and it is clear the order is appealable. *See id.* We will therefore confine our analysis to the State's second issue, whether the trial court erred in dismissing

the case with prejudice.

The State contends that the trial court not only committed reversible error by dismissing the case with prejudice without the State's consent but also committed a void act because the trial court lacked any legal authority to do so under the circumstances of appellee's case. A court may take a particular action only if that action is authorized by constitutional provision, statute, or common law, or if the power rises from an inherent or implied power. *Ex parte Seidel*, 39 S.W.3d 221, 223 (Tex. Crim. App. 2001). Trial courts have no general authority to dismiss a case without the prosecutor's consent. *See State v. Plambeck*, 182 S.W.3d 365, 369 (Tex. Crim. App. 2005). And, ordinarily, a trial court may dismiss a case only if the prosecutor so requests. *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003). Here, the State actively opposed the trial court's granting the dismissal with prejudice, and the trial court never made findings or stated its specific statutory or constitutional grounds for dismissing the cause with prejudice.

We have found no authority permitting a trial court to dismiss a case with prejudice based on the State's alleged bad faith or harassment of the defendant. *See State v. Harbor*, No. 01-11-00574-CR, 2012 WL 1355741, at *3 (Tex. App.—Houston [1st Dist.] Apr. 19, 2012, no pet.) (not yet released for publication). Moreover, neither the trial judge nor appellee ever alleged the State engaged in acts demonstrating bad faith or prosecutorial misconduct. *Cf. State v. Frye*, 897 S.W.2d 324, 331 (Tex. Crim. App. 1995) (upholding lower court's decision to affirm dismissal of indictment without State's consent based on egregious prosecutorial misconduct). To the extent the trial court was acting in the interest of appellee's right to a speedy trial, the record contains no evidence showing appellee moved for a speedy trial or complained of a delay in the case. In fact, the record shows appellee was not incarcerated as he awaited trial. Accordingly, the trial court had no authority to dismiss the case with prejudice based on a speedy trial ground. *See Harbor*, 2012 WL 1355741,

at *4–5; *see also* TEX. CODE CRIM. PROC. ANN. art. 28.061 (West 2006) (authorizing dismissal with prejudice when "a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained").

To the extent the court was acting to protect appellee's due process rights proscribing oppressive delay, we again note that appellee never raised such a complaint and the due process clause applies to oppressive delays from the time of the alleged offense to the time the charging instrument is filed. Appellee was charged by information less than four months after the offense date. The record fails to support the trial court's action on this basis as well. *See Harbor*, 2012 WL 1355741, at *5. Further, the two-year statute of limitations for misdemeanor-level DWI was tolled during the pendency of the charging instrument complained of here, so the trial court could not dismiss the case with prejudice based on its belief that any future charges would be barred by the statute of limitations. *See Tita v. State*, 267 S.W.3d 33, 37 (Tex. Crim. App. 2008); *see also* TEX. CODE CRIM. PROC. ANN. art. 12.02 (West Supp. 2011).

Although a trial court may dismiss a charging instrument to remedy a constitutional violation, such a dismissal is a "drastic measure only to be used in the most extraordinary circumstances." *See Muniga*, 119 S.W.3d at 817. Where the record fails to demonstrate a constitutional violation or where the appellee's rights were violated but dismissal of the charging instrument is not necessary to neutralize the taint of the unconstitutional action, the trial court abuses its discretion in dismissing the charging instrument without the consent of the State. *See id.* In this case, the trial court had the consent of the State to grant the State's motion to dismiss but had no additional authority to do so with prejudice. The language in the order classifying the dismissal as "with prejudice" is not authorized by law and is therefore void. *See Seidel*, 39 S.W.3d at 225. Accordingly, we resolve the State's second issue in its favor.

We modify the trial court's order to delete the phrase "with prejudice." *See State v. Pierce,* 816 S.W.2d 824, 831 (Tex. App.—Austin 1991, no pet.); *see also State v. Fass,* 846 S.W.2d 934, 936 (Tex. App.—Austin 1993, no pet.).  We affirm the trial court's order as modified.


JOSEPH B. MORRIS
JUSTICE

Publish
TEX. R. APP. P. 47
120382F.P05

—5—



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-12-00382-CR       V.

CRAIG MASON, Appellee

Appeal from the County Criminal Court No. 6 of Dallas County, Texas. (Tr.Ct.No. M09-261-39).

Opinion delivered by Justice Morris, Justices Francis and Murphy participating.

     Based on the Court's opinion of this date, the trial court's order dismissing the case against appellee is **MODIFIED** to **DELETE** the phrase "with prejudice."

     As modified, the judgment is **AFFIRMED**.

Judgment entered October 30, 2012.

JOSEPH B. MORRIS
JUSTICE