**Affirmed as Modified, and Opinion Filed December 21, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01167-CR**
**Nos. 05-22-01168-CR**

**THE STATE OF TEXAS, Appellant**
**V.**
**GEORGE NEWTON, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F21-75827 & F21-75828**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Partida-Kipness

The State of Texas appeals the trial court's orders dismissing the underlying causes with prejudice. In a single issue, the State contends the trial court lacked legal authority to dismiss the cases with prejudice absent the consent of the State. We agree, modify the dismissal order to note the causes are dismissed without prejudice, and affirm as modified.

## BACKGROUND

On July 22, 2021, the State filed an indictment in Cause Number F21-75827 charging appellee George Newton with one count of fleeing the scene of a vehicular

accident involving death. The State also filed an indictment in Cause Number F21-75828 charging Newton with one count of murder. On March 1, 2022, Newton filed pro se motions to dismiss in both cases alleging speedy trial violations. Newton was represented by counsel at the time he filed the motions, and neither he nor his counsel brought the motions to the trial court for ruling.

The original trial setting was passed twice by agreement of the parties. Before the October 18, 2022 trial setting, the State and Newton separately sought continuances. The presiding judge heard the State's motion for continuance during an October 18, 2022 pretrial hearing. The State asked the trial court to continue both matters so it could complete an investigation into potential exculpatory evidence. Specifically, the State asked for additional time to enhance an audio portion of a video and determine if the voice on that portion belonged to Newton. The State explained if the voice was Newton's, then the recording would show Newton "at a location that is inconsistent with him committing the offense." The presiding judge denied the State's request and ordered the parties to return for trial the following day. In response to the ruling, the State asked if the trial court would entertain motions to dismiss both matters. The presiding judge stated she would be willing to grant such motions but only to dismiss the matters with prejudice.

The following morning, a visiting judge was assigned to preside over jury selection. The State presented motions to dismiss both matters to the visiting judge. The motions were short and requested the case "be dismissed":

> Now comes the District Attorney of Dallas County, Texas and asks the Court to dismiss the above entitled and numbered cause, for the following reasons, to-wit:
>
> Now comes the District Attorney of Dallas County, Texas and asks the Court to dismiss the cause number listed above for the following reasons, to wit: it has been determined that the State is unable to make a prima facie case at this time.
>
> WHEREFORE PREMISES CONSIDERED, the State respectfully requests that this case be dismissed.

Newton had no objections to the motions. The visiting judge informed counsel the presiding judge thought the cases should be dismissed with prejudice and asked if the motion was "a motion to dismiss with prejudice." The State responded: "Your Honor, we're submitting the motions to dismiss as written, indicating the State is unable to make a prima facie case at this point in time, Your Honor." When asked why the visiting judge should not dismiss the cases with prejudice, the State explained dismissals with prejudice are limited to "very unique circumstances" and "are somewhat of a legal fiction." In support, the State cited *State v. Mason*, 383 S.W.3d 314 (Tex. App.—Dallas 2012, no pet.). The visiting judge then asked Newton's counsel if a speedy trial motion had been filed. Newton's counsel confirmed he did not file a speedy trial motion, but "based on our discussion and [the presiding judge's] understanding of the facts and circumstances leading to this dismissal, she made it clear that . . . she would be willing to sign the order of dismissal . . . however it will be a dismissal with prejudice." Then the following exchange occurred between the visiting judge and the State's counsel:

THE COURT: What did Judge Huff say exactly?

MR. TEISSIER: She said she would sign the dismissal, but it would be with prejudice.

THE COURT: Okay. Well, that's what I'm doing then.

MR. TEISSIER: Okay. Understood.

THE COURT: Why were y'all not ready, just so I will know?

MR. TEISSIER: Your Honor, this was what was discussed yesterday. In the State reviewing the full discovery in the case and continuing to review it, found a portion of one of the videos, which is about a couple of minutes in length of the hours of video, and on it the State hears a voice consistent with the defendant's voice. Assuming that is the defendant's voice on there, which we do believe, based on review, he would not have been able to commit the offense as the case presented itself. Yes, sir, that would be the brunt of it.

THE COURT: Well, it's the right thing to do, dismiss it with prejudice, so that's what I'm doing.

The orders signed by the visiting judge were incorporated into the motions and did not indicate if the dismissals were with or without prejudice:



On the trial court's docket sheets, the visiting judge wrote the "State's motion to dismiss is granted with prejudice." This appeal followed.

## STANDARD OF REVIEW

"In reviewing the dismissal of an indictment, the appellate court must review the trial court's ruling under a bifurcated standard." *State v. Krizan-Wilson*, 354

S.W.3d 808, 815 (Tex. Crim. App. 2011). We must give almost total deference to a trial court's findings of fact that are supported by the record, as well as mixed questions of law and fact that rely upon the credibility of a witness. *Id.* However, we apply a de novo standard of review to pure questions of law and mixed questions that do not depend on credibility determinations. *Id.*; *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999). Here, the facts are uncontested, no testimony or evidence was presented at the dismissal hearing, and the trial court issued no findings of fact or conclusions of law. Under these circumstances, we review the dismissal de novo. *See Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997) (a de novo review by the appellate court is appropriate when "the trial judge is not in an appreciably better position than the reviewing court to make that determination.").

## ANALYSIS

In a single issue, the State argues the trial court was not authorized to dismiss the cases with prejudice. We agree.

"[A] court may take a particular action only if that action is authorized by constitutional provision, statute or common law, or the power rises from an inherent or implied power." *Ex parte Seidel*, 39 S.W.3d 221, 223 (Tex. Crim. App. 2001) (quoting *State v. Johnson*, 821 S.W.2d 609, 612 (Tex. Crim. App. 1991)). Trial courts have no general authority to dismiss a case without the prosecutor's consent. *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003). However, a trial court may dismiss a charging instrument without the State's consent when dismissal

is the only means of adequately protecting an individual's rights against infringement by the State. *Id.* The Texas Court of Criminal Appeals has recognized a trial court has the power to dismiss a case without the State's consent "when a defendant has been denied a right to a speedy trial, when there is a defect in the charging instrument, or pursuant to Article 32.01, when a defendant is detained and no charging instrument is properly presented." *Id.* (citing *Johnson*, 821 S.W.2d at 612 n. 2). A charging instrument may also be dismissed to remedy a violation of the Sixth Amendment right to counsel. *Id.* (citing *State v. Frye*, 897 S.W.2d 324, 331 (Tex. Crim. App. 1995)).

While a trial court may dismiss a charging instrument to remedy a constitutional violation, the dismissal of an indictment is "a drastic measure only to be used in the most extraordinary of circumstances, . . ." *Frye*, 897 S.W.2d at 330. "Therefore, where there is no constitutional violation, or where the appellee's rights were violated but dismissal of the indictment was not necessary to neutralize the taint of the unconstitutional action, the trial court abuses its discretion in dismissing the charging instrument without the consent of the State." *Mungia*, 119 S.W.3d at 817 (citing *State v. Terrazas*, 962 S.W.2d 38, 42 (Tex. Crim. App. 1998)).

Here, the State opposed the trial court's granting the dismissal with prejudice and, thus, did not consent to dismissal with prejudice. Therefore, absent a constitutional violation, the trial court lacked authority to dismiss the cases with prejudice and the dismissal order is void. *See Ex parte Seidel*, 39 S.W.3d at 225 (trial

court's dismissal "with prejudice" was void because "that action was outside the parameters of any rule or procedure in place at that time" and was, therefore, "more than a variance from the normal conduct" and "more than a mere violation of statutory procedure."). We conclude the record does not support a finding of any constitutional violation permitting dismissal with prejudice.

Here, the presiding judge voiced her concern at the pretrial hearing that a speedy trial violation may have occurred. At the hearing on the State's motion to dismiss, the visiting judge asked Newton's counsel if he filed a speedy trial motion. If a speedy trial violation occurred and Newton had moved to dismiss on speedy trial grounds, then a proper remedy would have been dismissal with prejudice. *See Cantu v. State*, 253 S.W.3d 273, 281 (Tex. Crim. App. 2008) (dismissal of a charging instrument with prejudice is a proper remedy for a speedy trial violation); TEX. CODE CRIM. PROC. art. 28.061 (authorizing dismissal with prejudice when "a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained"); *State v. Moreno*, 651 S.W.3d 399, 412 (Tex. App.—Houston [1st Dist.] 2022, no pet.) ("Although the defendant has no duty to bring himself to trial because that is the State's duty, the defendant does bear the responsibility to assert his right to a speedy trial.") (citing *Cantu*, 253 S.W.3d at 281–82). The record, however, does not support dismissal on speedy trial grounds.

The right to a speedy trial is guaranteed by the United States and Texas constitutions. U.S. CONST. amends. VI, XIV; TEX. CONST. art. I, § 10. In determining

whether a defendant was denied his right to a speedy trial, we use a balancing test in which the conduct of both the State and the defendant are weighed. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Shaw v. State*, 117 S.W.3d 883, 888 (Tex. Crim. App. 2003). We consider (i) the length of the delay; (ii) the State's reasons for the delay; (iii) the defendant's effort to obtain a speedy trial; and (iv) the prejudice to the defendant resulting from the delay. *See Barker*, 407 U.S. at 530; *see also Shaw*, 117 S.W.3d at 889.

The Court of Criminal Appeals recently addressed what information must be on the record to support a speedy trial dismissal. *Taylor v. State*, 667 S.W.3d 809, 810 (Tex. Crim. App. 2023). The *Taylor* court concluded information on all the *Barker* factors must be in the record, and length of delay alone is insufficient to support dismissal:

> Instead, the only requirement is that the relevant information be in the record – the length of the delay, reason for the delay, assertion of the right, and prejudice. In all the cases cited by the appellate court, the only information in the record was the length of the delay. That alone is insufficient to grant a motion to dismiss for lack of a speedy trial or to reverse the denial of one on appeal.

*Id.*

Here, Newton did not present a speedy trial motion to the trial court for ruling, and no argument or evidence was presented to the visiting judge at the dismissal hearing to show a speedy trial violation. Not even the length of delay was discussed at the hearing before the visiting judge. The trial court did not state the basis for the dismissal and made no findings of fact or conclusions of law. Under this record, we

–8–

conclude no evidence supports a finding that a speedy trial violation occurred. Dismissal with prejudice was, therefore, improper because no constitutional violation was proven, and the State did not consent to dismissal with prejudice. *See Mason*, 383 S.W.3d at 316. Accordingly, the trial court had no authority to dismiss the case with prejudice based on a speedy trial ground. *See id.* (trial court had no authority to dismiss case with prejudice on speedy trial ground where the record contains no evidence showing appellee moved for a speedy trial or complained of a delay in the case). We sustain the State's sole appellate issue.

However, we conclude reversal is inappropriate here. The trial court had the consent of the State to grant the State's motion to dismiss but had no additional authority to do so with prejudice. Because the visiting judge purported to dismiss the prosecution "with prejudice" beyond the scope of his proper authority, that part of the judgment was void and modification of the order is the appropriate remedy. *See Mason*, 383 S.W.3d at 315–16 (concluding language classifying the dismissal as "with prejudice" was void because it was not authorized by law and modifying order to delete "with prejudice") (citing *Ex parte Seidel*, 39 S.W.3d at 225).

## CONCLUSION

We conclude the trial court was without authority to dismiss the cases with prejudice and sustain the State's sole appellant issue. We modify the trial court's orders to include a statement the dismissal in each cause is "without prejudice." *See Mason*, 383 S.W.3d at 316 (modifying void order to delete the phrase "with

–9–

prejudice."). We affirm the trial court's dismissal order in each cause number as modified.

/Robbie Partida-Kipness/<br>ROBBIE PARTIDA-KIPNESS<br>JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

221167F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-22-01167-CR     V.

GEORGE NEWTON, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas Trial Court Cause No. F21-75827. Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We modify the trial court's order dismissing cause number F21-75827 to include a statement the dismissal in the cause is "without prejudice."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 21st day of December 2023.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-22-01168-CR      V.

GEORGE NEWTON, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas Trial Court Cause No. F21-75828. Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> We modify the trial court's order dismissing cause number F21-75828 to include a statement the dismissal in the cause is "without prejudice."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 21st day of December 2023.