The STATE of Texas, Appellant,

v.

Jeremy MUNGIA, Appellee.

No. 13–00–252–CR.

Court of Appeals of Texas,
Corpus Christi.

March 14, 2002.

Carlos Valdez, Dist. Atty., Mark Skurka, Asst. Dist. Atty., Corpus Christi, for Appellant.

Linda J. Rhodes Schauer, Corpus Christi, for the State.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

Opinion by Justice DORSEY.

This is an appeal by the State of Texas from an order dismissing an indictment with prejudice. We affirm because of the specific and narrow circumstances of this case.

The appellee, Jeremy Mungia, plead guilty in a plea bargain in which he agreed to cooperate and testify against other gang members about a murder. The court accepted the plea of guilty and the State's recommendation of ten years imprisonment, and then recessed, postponing the sentencing to ensure Mungia's compliance with his agreement. After the pending trials were completed the parties returned to court. After a hearing the trial judge dismissed the indictment against Mungia, and entered a lengthy order stating his reasoning.

At the sentencing hearing the State's attorney said that Mungia had testified in six trials of gang members and was available to testify in another two. All resulted in convictions. Mungia also provided other information to the District Attorney that was not within the scope of the plea bargain agreement that proved correct and aided in more convictions. The same trial

judge handling Mungia's guilty plea and sentencing had presided at several of those trials in which Mungia testified against his former associates.

The trial judge inquired into safety precautions for Mungia in jail and prison, there already having been a death threat against him from gang members. The court's order states:

> Having reviewed the facts and circumstances of this cause, the Court finds that the Defendant was not [the] shooter in the Murder charge herein but could be found guilty only as a party to the offense .... [t]hat the Defendant testified truthfully in each case ...; that his testimony significantly contributed to the convictions and sentences obtained by the State; that his courage and bravery in putting his life on the line in offering truthful testimony furthered the administration of justice and led to just verdicts; and that he has rendered a tremendous public service to the community. The Court further finds that to follow the plea bargain agreement and sentencing the Defendant to prison, even for a reduced term, would place the Defendant in constant danger and risk his life daily. Under these circumstances, the Court cannot follow the plea bargain agreement. Accordingly, in light of the foregoing, the Court concludes that it would be in the best interests of justice that the Indictment be dismissed and that the Defendant should be discharged and released from custody without further prosecution.

The court stated from the bench he had looked into what safeguards would be available to keep Mungia alive if he went to prison, and the possibility of extra precautionary measures in the Texas prison system, the possibility of placing him in prison in some other state or with the federal system. The cost of putting him in a prison system other than Texas is such that the county and state would not bear. Alternatives were not found to be feasible. The trial judge stated, "I don't want to play a part in signing a judgment that effectively amounts to a death warrant for you."

The judge then dismissed the indictment and ordered him released. The state appeals the dismissal of the indictment arguing that under the circumstances the trial judge does not have the authority to dismiss an indictment without the consent of the state. We disagree and affirm the dismissal.

The Court of Criminal Appeals decision in *State v. Terrazas*, 962 S.W.2d 38 (Tex. Crim.App.1998) is instructive as well as controlling. There the trial court suppressed the defendant's statement and dismissed the indictment. *Terrazas*, 962 S.W.2d at 38. The court of appeals reversed and the Court of Criminal Appeals granted petition to review the court of appeals' ruling that a trial court could dismiss an indictment with prejudice under only the circumstances set out in *State v. Johnson*, 821 S.W.2d 609, 612 (Tex.Crim. App.1991) and *State v. Frye*, 897 S.W.2d 324, 330 (Tex.Crim.App.1995). The Court of Criminal Appeals held that the lower court had interpreted the authority of a trial court to dismiss too narrowly, that "[i]n addition to the situations referenced in *Johnson* and *Frye*, there can be other constitutional grounds for dismissing a charging instrument." *Terrazas*, 962 S.W.2d at 41.

> The situations discussed in *Johnson* were exemplary, not exhaustive. We explained in Frye that even though a particular constitutional violation was not among those set out as an authorized basis for a trial court's dismissal of a charging instrument in *Johnson*, or in any other opinion from a Texas court,

that did not preclude a trial court from having the authority to dismiss on that ground.

*Id.*

All of the instances in which the Court of Criminal Appeals has approved the dismissal of an indictment with prejudice that are not enumerated in Art. 27.03, Code of Criminal Procedure, have been limited to constitutional due process violations; procedural and not substantive, where a remand would not cure the error. In the present case the claim is of constitutional magnitude; that if sent to prison Mungia will be killed by gang member inmates, and thus be subjected to cruel and unusual punishment contrary to the Eighth Amendment.

In *Terrazas* the Court of Criminal Appeals said:

> In Frye we observed that the United States Supreme Court has held that when a Sixth Amendment violation has occurred, the trial court must "identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant effective assistance of counsel and a fair trial." *Frye*, 897 S.W.2d at 330, citing *United States v. Morrison*, 449 U.S. 361, 365, 101 S.Ct. 665, 668, 66 L.Ed.2d 564, 568 (1981). A dismissal may be proper when "a defendant suffers demonstrable prejudice, or a substantial threat thereof, and where the trial court is unable to identify and neutralize the taint by other means." *Id.* In addition to the situations referenced in *Johnson* and *Frye*, there can be other constitutional grounds for dismissing a charging instrument. *See Cook*, 940 S.W.2d at 625–27.

*Terrazas*, 962 S.W.2d at 41 (emphasis added).

We do not believe the trial court had viable options other than to dismiss the indictment. The trial court could have refused to accept the state's recommendation as to punishment, for the court may only approve or disapprove the sentencing recommendation of the state. *See Washington v. McSpadden*, 676 S.W.2d 420, 423 (Tex.Crim.App.1984); *Otero v. State*, 768 S.W.2d 848, 850 (Tex.App.—Corpus Christi 1989, no pet.). If the trial judge does not concur with the state's recommendation to which the defendant had agreed, the defendant may withdraw his plea of guilty, and the case will proceed to trial. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(2) (Vernon 1989) (trial court must, before making a finding on plea, inform defendant of whether court will follow sentencing recommendation contained in plea bargain); *McSpadden*, 676 S.W.2d at 423; *Otero*, 768 S.W.2d at 850. In reality more negotiations usually result. However, usually the sole consideration the defendant gives is the plea of guilty, and by being allowed to withdraw it, the defendant is not prejudiced. *See Dorsey v. State*, 55 S.W.3d 227, 232–33 (Tex.App.—Corpus Christi 2001, no pet.). Here, however, the defendant has performed his part of the bargain and by doing so placed himself in grave jeopardy of death in retaliation of his testimony. He cannot be returned to his position prior to his performance.

The trial judge cannot require the state to dismiss the indictment or to offer a probated sentence to the defendant. But if probation were available, the requirements and controls placed on a probationer prevent him from completely disappearing and evading the reach of the gang. We believe there was no effective alternative available to the trial judge to protect the defendant from retaliation other than dismissal of the indictment. Accordingly, we affirm.