**Opinion of September 20, 2012, Withdrawn, Reversed and Remanded and Corrected Memorandum Opinion filed September 25, 2012.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-12-00402-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**LEVI JAMES WEST, Appellee**

**On Appeal from the County Criminal Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1776284**

## C O R R E C T E D   M E M O R A N D U M   O P I N I O N

The Court withdraws its opinion of September 20, 2012, because the trial court number was incorrect and issues this corrected opinion in its place.

The State of Texas appeals from the trial court's dismissal of driving-while-intoxicated charges against appellee Levi James West. *See* Tex. Code Crim. Proc. art. 44.01(a)(1). Appellee filed a motion to dismiss the information against him, claiming that his equal protection rights had been violated. Because we conclude that no violation of appellee's constitutional rights has been established and no statutory or common law basis for dismissal is alleged, we reverse the trial court's order of dismissal and remand

for further proceedings.

On August 20, 2011, appellee Levi James West was charged by information with the misdemeanor offense of driving while intoxicated ("DWI"). As a first-time offender, appellee was eligible to participate in the Harris County District Attorney's Office (the "HCDAO") pre-trial diversion program, DIVERT.[1] The DIVERT program postpones prosecution for first offender class B misdemeanor DWI cases, such as appellee's. To participate in the program, the defendant must, among other things, execute a waiver of trial by jury, enter a plea of guilty, and agree to punishment. Importantly, a defendant's entry into this program requires judicial approval. A finding of guilt is deferred pending the successful completion of the conditions of the program, and the defendant's case is reset. Should the defendant successfully complete the program, the charges against him or her are dismissed at the reset hearing. In the event of a violation of the program, the defendant is found guilty and the agreed-upon sentence is imposed.

Appellee's case was randomly assigned to Harris County Criminal Court at Law No. 2, Judge William Harmon presiding. The record reflects that HCDAO offered appellee entry into the DIVERT program. Our record further establishes that Judge Harmon has stated in open court that, in his opinion, the DIVERT program violates the statutory prohibition on permitting DWI offenders to participate in deferred adjudication.[2] At numerous hearings involving defendants seeking entry into the DIVERT program, Judge Harmon repeatedly stated his opinion that this program runs afoul of legislative authority. Judge Harmon has refused to approve entry into the DIVERT program to any eligible first-time DWI offenders. During these hearings, he has communicated clearly to the HCDAO that he will continue to refuse entry into this program. The record reflects that the fourteen other Harris County Criminal Courts at

---

[1] DIVERT is an acronym for "Direct Intervention using Voluntary Education, Restitution, and Treatment." It is a pretrial diversion program offered by the Harris County District Attorney's Office rather than pursuant to a statutory scheme.

[2] *See* Tex. Code Crim. Proc. art. 42.12, § 5(d)(1)(A) (prohibiting deferred adjudication for the offense of DWI).

Law have permitted defendants to participate in the DIVERT program.

On November 4, 2011, appellee filed a motion to dismiss the charges against him based on an alleged equal protection violation. The only basis for dismissal is an alleged constitutional violation involving a denial of appellee's right to equal protection; no common law or statutory basis for dismissal is asserted. Judge Harmon heard appellee's motion to dismiss on December 13, 2011, at the same time that he heard motions to dismiss alleging the same grounds filed by eight other defendants. During this hearing, Judge Harmon admitted the reporter's records from hearings on September 22, 2010, October 15, 2010, and October 28, 2011 involving various defendants eligible for the DIVERT program. At the conclusion of the hearing on the motions to dismiss, Judge Harmon dismissed the charges against appellee and the other eight defendants.

In its appeal, the State raises a single issue asserting that the trial court erred in granting appellee's motion to dismiss because no equal rights violation, or any other violation requiring dismissal, has occurred. Our review of the record reveals three equal protection arguments considered by the trial court in dismissing the charges against appellee: (1) a claim of selective prosecution; (2) an alleged equal protection violation based on appellee's assignment to Harris County Criminal Court at Law No. 2 because Judge Harmon refuses to approve any DIVERT agreements; and (3) an alleged equal protection violation because appellee was not placed into a traditional pretrial diversion program, and other first-time DWI offenders had been, during the time period that charges against appellee were pending.

The principle of equal protection guarantees that all similarly situated persons should be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 939 (Tex. 1998). A violation of the Equal Protection Clause may occur when the government discriminates against the members of a class of individuals who have historically suffered discrimination, i.e., a "suspect" class, or when the government impairs the members of a class from exercising a fundamental right. *Casarez v. State,* 913 S.W.2d 468, 473 (Tex.

Crim. App. 1994). Generally, to establish an equal protection claim when a fundamental right or suspect class is not at issue, a party must prove that he or she was treated differently than other similarly situated parties without a rational basis. *See Canady v. State*, 11 S.W.3d 205, 215 (Tex. Crim. App. 2000).

Today, this court has considered arguments identical to those raised by the State in this appeal in its appeal from the dismissal of another defendant's DWI case in Harris County Criminal Court at Law No. 2. *See State v. Dinur,* ___ S.W.3d ___, No. 14-12-00406-CR (Tex. App.—Houston [14th Dist.] Sept. 20, 2012, no pet. h.). As in this case, the dismissal was based on equal protection grounds because the defendant was not permitted to participate in the DIVERT program. *Id.* After reviewing the records from the same hearings that are part of the record in this case and the relevant authorities, we held that no equal protection violation had been established. *Id.* Because no other basis for dismissal was alleged, we reversed the dismissal order and remanded the cause to the trial court. *Id.*

For the reasons set forth in *Dinur,* we conclude that no violation of appellee's right to equal protection under the law was established. Because there was no constitutional violation, and no statutory or common law basis for dismissal was alleged, the trial court abused its discretion in dismissing the charging instrument without the consent of the State. *See State v. Mungia*, 119 S.W.3d 814, 817 (Tex. Crim. App. 2003) (holding that a court may dismiss a case without the prosecutor's consent only if authorized by statute, common law, or constitution).

We sustain the State's sole issue on appeal. Accordingly, we reverse the trial court's dismissal order signed December 13, 2011, and remand this cause to the trial court for proceedings consistent with this opinion.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).