

# NUMBER 13-23-00054-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**THE STATE OF TEXAS,**          **Appellant,**

**v.**

**JUAN VILLARREAL,**          **Appellee.**

## ON APPEAL FROM THE 148TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Longoria, Silva, and Peña**
**Memorandum Opinion by Justice Silva**

This Court issued a memorandum opinion on May 9, 2024, reversing and remanding the case for further proceedings. Thereafter, appellant the State of Texas filed a motion to publish. We grant the State's motion and we designate this memorandum opinion as published. We withdraw our memorandum opinion and judgment of May 9,

2024, and we substitute the following memorandum opinion and judgment in its place. TEX. R. APP. P. 47.2(b).

Appellee, Juan Villarreal, was charged with fourteen counts of sexual assault. *See* TEX. PENAL CODE ANN. § 22.011(a)(1). Villarreal sought and was granted dismissal based on spoliation of the evidence and violation of article 2.1397.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 2.1397. By a single issue, the State argues the trial court erred in dismissing the indictment. We reverse and remand.

## I.    BACKGROUND

In 2019, the Nueces County District Attorney's Office re-indicted Villarreal, a local physician, for allegedly penetrating, without consent, the female sexual organ of fourteen former patients.[2] Following multiple motions for continuances by both parties, on August 3, 2022, Villarreal filed a "Motion to Disclose and Designate Lost Evidence and Request for Hearing," alleging:

> Defense counsel became aware, through a source, that the Nueces County District Attorney's Office was missing [two] boxes of evidence in this case. The District Attorney's [O]ffice was well aware they were missing such evidence but did not disclose this to defense counsel at any time before this, and only recently disclosed this when confronted by the defense.

In the hearing that followed, prosecutor Will Greenlee[3] acknowledged he learned of the lost evidence on June 30, 2022, when he was first assigned to the case. Over the course

---

[1] Ahead of the trial court's issuance of its dismissal order, the State dismissed counts six, seven, eight, twelve, and fourteen of the indictment, citing the lapsed statute of limitations as cause.

[2] Villarreal was initially indicted in late 2018; the indictment was amended in 2019 to add complainants.

[3] Prior to Will Greenlee's assignment, there were at least six different prosecutors who were either named in or created user generated entries in the Nueces County District Attorney's Office case notes system or appeared in prior court hearings on this cause.

2

of a month, Greenlee conducted a search of the office and its warehouse, and following attempts to recreate the entire case file with the assistance of local law enforcement, the State was unaware of what evidence remained lost.

On January 27, 2023, Villarreal filed the motion which forms the basis of this appeal: "Motion to Dismiss Based on Spoliation of Evidence and Violation of Chapter 2, T[exas] C[ode of] C[riminal] P[rocedure] A[rticle] 2.1397, *The Richard Miles Act*." Villarreal argued that the State and law enforcement violated article 2.1397 (the Richard Miles Act), article 39.14 (the Michael Morton Act),[4] and *Brady* by "intentionally, negligently[,] or recklessly destroy[ing] at least potentially exculpatory and mitigating evidence in this matter," and therefore, dismissal with prejudice is the appropriate remedy. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963); *see also* TEX. CODE CRIM. PROC. ANN. arts. 2.1397, 39.14.

On February 6, 2023, the trial court held a hearing on Villarreal's motion. No witnesses were called,[5] and the following defense exhibits were admitted: (1) the Nueces County District Attorney's Office case notes for this cause, which includes all entries by prosecutors or staff made in this case; (2) an email between Greenlee and Corpus Christi Police Department (CCPD) Detective Charla Hemerly, wherein Greenlee requests the recreation of the case file and Detective Hemerly informs Greenlee that certain videos for

---

[4] We independently address Villarreal's article 39.14 claim *supra* but note that Villarreal brought a separate "Motion to Dismiss for Failure to Provide a Speedy Trial and Failure to Comply with the Michael Morton Act" for which no ruling was obtained.

[5] A different judge presided over the hearing on Villarreal's "Motion to Dismiss Based on Spoliation of Evidence and Violation of Chapter 2, T[exas] C[ode of] C[riminal] P[rocedure] A[rticle] 2.1397, *The Richard Miles Act*" than had presided over the hearing on Villarreal's "Motion to Disclose and Designate Lost Evidence and Request for Hearing." Villarreal's counsel provided the trial court with the transcript of the prior hearing, wherein witnesses had testified.

this case are "no longer available as the retention period has expired"; (3) an order denying the dismissal of an indictment in an unrelated cause against an unrelated defendant, which included a written finding that although "there was credible evidence of gross incompetence, negligence[,] and/or carelessness on the part of the Nueces County District Attorney's Office[,] . . . such misconduct does not rise to the level requiring the dismissal" of the indictments, and there was no evidence presented of "intentional or knowing misconduct on the part of the State"; (4) CCPD Detective Julio Ramos's affidavits of discovery compliance signed in July 31, 2018 and July 2, 2019; and (5) an email exchange between Greenlee and Detective Ramos in August 2022, regarding the State's search for all evidence related to this case.

Villarreal argued that the State failed to keep an accounting of its evidence, and as evidence of bad faith, Villarreal pointed to the State's failure to timely disclose that the evidence had been lost and the State's persistence in prosecuting the charges. The State countered that it had opted, pursuant to office policy, to conduct an internal search for the lost evidence before immediately notifying Villarreal. According to the State, any delay in notifying Villarreal was reasonable in that the State wanted to be certain that evidence was, in fact, lost and could no longer be replicated. At the hearing, the State maintained that Villarreal had previously been provided discovery, which Villarreal does not dispute; the State was unaware if Villarreal possessed evidence provided by the State that is no longer in possession of the State; and all evidence in the State's possession to-date had been provided to Villarreal.

4

The trial court granted Villarreal's motion to dismiss the case with prejudice,[6] and this appeal ensued. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (allowing the State to appeal a trial court order that dismisses an indictment, information, or complaint).

## II.    MOTION TO DISMISS

By a single issue, the State argues the trial court erred in granting Villarreal's motion to dismiss predicated on spoliation and an alleged violation of article 2.1397. *See id.* arts. 2.1397, 39.14.

### A.    Standard of Review and Applicable Law

"[T]he dismissal of an indictment is a drastic measure only to be used in the most extraordinary circumstances." *State v. Hill*, 499 S.W.3d 853, 872 n.69 (Tex. Crim. App. 2016). Generally, a trial court lacks authority to dismiss a case without the State's consent, and a trial court has no inherent power to dismiss a prosecution. *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003); *see also State v. Garcia*, No. 13-21-00404-CR, 2022 WL 3452413, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 18, 2022, no pet.) (mem. op., not designated for publication). The Texas Court of Criminal Appeals has established limited exceptions for dismissal without prosecutorial consent, including "when a defendant is denied a right to speedy trial, when there is a defect in the charging instrument, when necessary to remedy certain Sixth Amendment violations, or when a defendant is detained without a charging instrument in violation of article 32.01 of the Texas Code of Criminal Procedure." *State v. Villaloboz*, 658 S.W.3d 320, 326 (Tex. App.—El Paso 2022, pet. ref'd); *see Mungia*, 119 S.W.3d at 816. However, trial courts

---

[6] No written findings accompanied the trial court's dismissal order.

are not limited to these delineated exceptions. *Mungia*, 119 S.W.3d at 816. "[A]lthough a particular constitutional violation has not yet been recognized as a basis for a trial court to dismiss a charging instrument, this does not preclude a trial court from having authority to dismiss on that ground." *Id.* at 817.

When reviewing a trial court's decision on a motion to dismiss, we give almost total deference to the trial court's fact findings that are supported by the record. *See State v. Krizan–Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011); *State v. Fellows*, 471 S.W.3d 555, 561 (Tex. App.—Corpus Christi–Edinburg 2015, pet. ref'd). For pure questions of law or mixed questions that do not depend on credibility determinations, our review is de novo. *See Krizan–Wilson*, 354 S.W.3d at 815; *Fellows*, 471 S.W.3d at 561.

## B. Spoliation

We first address the State's contention that Villarreal failed to show evidence of bad faith as necessary to prevail on his spoliation challenge.

"Spoliation concerns the loss or destruction of evidence." *Guzman v. State*, 539 S.W.3d 394, 401 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (citing *Torres v. State*, 371 S.W.3d 317, 319 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd)). In the context of a criminal proceeding, there is a distinction between how we view evidence in the government's possession and that which the government no longer possesses—including evidence which the government no longer possesses because it has been lost or destroyed. *Fellows*, 471 S.W.3d at 562; *see Arizona v. Youngblood*, 488 U.S. 51, 55 (1988); *Brady*, 373 U.S. at 87. *Brady* addresses the former while the latter is governed by *Youngblood*. *Fellows*, 471 S.W.3d at 562; *see Garcia v. State*, 592 S.W.3d 590, 600–01

6

(Tex. App.—Eastland 2019, no pet.) ("Although courts occasionally blur the distinction between *Youngblood* and *Brady*, *Youngblood* is properly applied to cases in which the government no longer possesses the disputed evidence, whereas *Brady* is properly applied to cases in which exculpatory evidence remains in the government's possession." (quoting *Moody v. State*, 551 S.W.3d 167, 170–71 (Tex. App.—Fort Worth 2017, no pet.))); *see also McVay v. State*, No. 01-19-00480-CR, 2020 WL 7391556, at *3 (Tex. App.—Houston [1st Dist.] Dec. 17, 2020, pet. ref'd) (mem. op., not designated for publication) ("The Court of Criminal Appeals has held that *Youngblood*, and not *Brady*, is properly applied in cases in which the government no longer possesses the disputed evidence"). To satisfy the standard enunciated in *Youngblood*, a defendant has the burden of demonstrating that the State or its actors lost or destroyed the evidence and did so in bad faith.[7] *See Youngblood*, 488 U.S. at 58 ("We therefore hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."); *Guzman*, 539 S.W.3d at 401; *see also State v. Tooley*, No. 07-21-00103-CR, 2021 WL 4282632, at *1 (Tex. App.—Amarillo Sept. 21, 2021, pet. ref'd) (mem. op., not designated for publication).

---

[7] Although Villarreal invokes *Brady* in his motion, Villarreal's complaint is more properly considered under *Youngblood* because it is uncontroverted that the State does not possess the desired evidence. *See State v. Fellows*, 471 S.W.3d 555, 562 (Tex. App.—Corpus Christi–Edinburg 2015, pet. ref'd); *Rodriguez v. State*, 491 S.W.3d 18, 31 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (treating a *Brady* claim about a lost video as a *Youngblood* claim); *see also Greco v. State*, No. 02-19-00383-CR, 2021 WL 3557041, at *2–3 (Tex. App.—Fort Worth Aug. 12, 2021, no pet.) (mem. op., not designated for publication) (same); *Hosey v. State*, No. 13-17-00121-CR, 2018 WL 1755822, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 12, 2018, no pet.) (mem. op., not designated for publication) (same). Thus, Villarreal was required to demonstrate that the State acted in bad faith. *See Fellows*, 471 S.W.3d at 562; *see also Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).

Significant effort has been expended trying to determine the meaning of "bad faith." *See Ex parte Napper*, 322 S.W.3d 202, 231 (Tex. Crim. App. 2010). "'Bad faith' is more than simply being aware that one's action or inaction could result in the loss" of evidence. *See id.* at 238. "[B]ad faith entails some sort of improper motive, such as personal animus against the defendant or a desire to prevent the defendant from obtaining evidence that might be useful." *Id.* A showing of gross negligence or poor judgment does not qualify as bad faith. *See Youngblood*, 488 U.S. at 58; *see also Payne v. State*, No. 11-19-00298-CR, 2021 WL 4998788, at *6 (Tex. App.—Eastland Oct. 28, 2021, pet. ref'd) (mem. op., not designated for publication) ("Misjudgment is not bad faith."); *Cadriel v. State*, No. 13-14-00137-CR, 2015 WL 5634421, at *10 (Tex. App.—Corpus Christi–Edinburg Sept. 24, 2015, pet. ref'd) (mem. op., not designated for publication) ("[A] showing of negligence on the part of the police or the government is not equivalent to bad faith.").

As evidence of bad faith here, Villarreal argued that the State failed to properly maintain its case management system, which resulted in the intentional, negligent, or reckless loss or destruction of evidence. The State's inability to maintain a proper case management system and find evidence—however problematic—is not evidence of bad faith where it remains undisputed that the State does not know what happened to the lost evidence. *See Villarreal v. State*, 504 S.W.3d 494, 521 (Tex. App.—Corpus Christi–Edinburg 2016, pet. ref'd) ("[T]he record shows that the State did not know what happened to the video statement. And a showing of negligence on the part of the police or the government is not equivalent to bad faith."); *see also State v. Lausch*, 651 S.W.3d 546, 559 (Tex. App.—Houston [14th Dist.] 2022, pet. ref'd) (concluding that testimony by law

8

enforcement that they searched for a missing written statement but could not find it and did not know what happened to it was insufficient evidence of bad faith); *McVay*, 2020 WL 7391556, at *3 (concluding defendant had "presented no evidence establishing that the State or law enforcement failed to preserve the footage in bad faith" where an officer testified "that he did not know appellant personally, had had no personal dealings with him, and held no grudge against him"); *Sanchez v. State*, No. 13-16-00681-CR, 2019 WL 5076508, at *10 (Tex. App.—Corpus Christi–Edinburg Oct. 10, 2019, no pet.) (mem. op., not designated for publication) (concluding no bad faith was shown where audio recordings of interviews were unable to be located after a computer had been "wiped out"). Moreover, there was no evidence that establishes the State or any of its actors specifically knew the nature of the missing evidence—i.e., that the evidence was favorable to Villarreal—thereby indicating a possible improper motive. *See Villarreal*, 504 S.W.3d at 521 (considering whether the defendant had shown the State was aware the lost evidence was potentially exculpatory or "in any way favorable and material" in its bad faith analysis and concluding "that the lost evidence *might have been favorable* is not an affirmative showing that the evidence was favorable and material") (emphasis added). Evidence of Greenlee's undisputed delay in notifying Villarreal that the State had lost the evidence in the case is equally unavailing. Greenlee's delayed disclosure neither resulted in the loss or destruction of evidence, *see Napper*, 322 S.W.3d at 238, nor is it exemplary of evidence of improper motive. *See Villarreal*, 504 S.W.3d at 521.

Absent evidence of bad faith, the trial court erred in granting a dismissal on this basis. *See Youngblood*, 488 U.S. at 58; *Lausch*, 651 S.W.3d at 559.

9

## C.    Article 2.1397

Villarreal additionally argued the State's noncompliance with article 2.1397 necessitated the dismissal of charges. The State asserts on appeal as it did before the trial court: no such remedy exists under article 2.1397.

Texas Code of Criminal Procedure article 2.1397 places an affirmative duty on the law enforcement agency that files a case with a prosecuting office to produce all information that would be required to be produced pursuant to article 39.14(a). TEX. CODE CRIM. PROC. ANN. art. 2.1397. The article reads in its entirety as follows:

(a) In this article:

(1) "Attorney representing the state" means an attorney authorized by law to represent the state in a criminal case, including a district attorney, criminal district attorney, or county attorney with criminal jurisdiction. The term does not include an attorney representing the state in a justice or municipal court under Chapter 45.

(2) "Law enforcement agency" means an agency of the state or an agency of a political subdivision of the state authorized by law to employ peace officers.

(b) A law enforcement agency filing a case with the attorney representing the state shall submit to the attorney representing the state a written statement by an agency employee with knowledge of the case acknowledging that all documents, items, and information in the possession of the agency that are required to be disclosed to the defendant in the case under [a]rticle 39.14 have been disclosed to the attorney representing the state.

(c) If at any time after the case is filed with the attorney representing the state the law enforcement agency discovers or acquires any additional document, item, or information required to be disclosed to the defendant under [a]ticle 39.14, an agency employee shall promptly disclose the document, item, or information to the attorney representing the state.

*Id.*

Recently, we examined whether noncompliance with article 2.1397 could be remedied by the suppression of evidence or the issuance of a new trial. *Black v. State*, No. 13-22-00147-CR, 2023 WL 7204472, at *7–8 (Tex. App.—Corpus Christi–Edinburg Nov. 2, 2023, pet. ref'd) (mem. op., not designated for publication). We concluded that the plain text of the statute is "silent on its face as to the consequences of noncompliance," and the "legislative history also does not indicate whether a defendant may use the statute to exclude relevant testimony from officers who fail to comply with the statute." *See id.* at *7.

We are bound by this Court's prior holding absent an intervening and material change in the statutory law or a decision from a higher court or this Court sitting en banc that is on point and contrary to the prior panel's decision. *See Malbrough v. State*, 612 S.W.3d 537, 565 n.2 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) (Countiss, J., concurring); *see also State v. Hardin*, No. 13-18-00244-CR, 2019 WL 3484428, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 1, 2019) (mem. op., not designated for publication), *aff'd*, 664 S.W.3d 867 (Tex. Crim. App. 2022). Pursuant to our precedent, just as we found no indication that suppression of evidence or a new trial would be the appropriate remedy for article 2.1397 noncompliance, we conclude neither would the drastic remedy of a dismissal with prejudice. *See generally Hill*, 499 S.W.3d at 872 n.69. Because article 2.1397 is not a mechanism for dismissal, a dismissal predicated on an article 2.1397 violation is error. *See Mungia*, 119 S.W.3d at 816; *Fellows*, 471 S.W.3d at 568–69.

11

**D.  Article 39.14**

Interwoven in Villarreal's "Motion to Dismiss Based on Spoliation of Evidence and Violation of Chapter 2, T[exas] C[ode of] C[riminal] P[rocedure] A[rticle] 2.1397, *The Richard Miles Act*," he claims article 39.14 violations, which the State refutes occurred. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(a).

"According to the plain text of [a]rticle 39.14, criminal defendants now have a general statutory right to discovery in Texas beyond the guarantees of due process," requiring the State to "disclose all 'exculpatory, impeaching, and mitigating' evidence to the defense that tends to negate guilt or reduce punishment" within its "possession, custody, or control." *Watkins v. State*, 619 S.W.3d 265, 277, 291 (Tex. Crim. App. 2021) (citing TEX. CODE CRIM. PROC. ANN. art. 39.14(a)). To be clear, the evidence must be within the State's possession, custody, or control for purposes of an article 39.14 compliance challenge. *See In re State ex rel. Skurka*, 512 S.W.3d 444, 455 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.); *see also Mitchell v. State*, No. 01-23-00251-CR, 2024 WL 187385, at *7 (Tex. App.—Houston [1st Dist.] Jan. 18, 2024, no pet.) (mem. op., not designated for publication) ("The defendant has the burden to show the complained-of evidence was in the State's possession but withheld."); *Mumphord v. State*, No. 13-22-00388-CR, 2023 WL 6886119, at *8 (Tex. App.—Corpus Christi–Edinburg Oct. 19, 2023, pet. ref'd) (mem. op., not designated for publication) ("We will not impose a burden on the State to produce evidence which may not be available or might not even exist."). Further, we have previously held that where complained-of evidence is not within the State's possession because it has been inadvertently destroyed, dismissal is not warranted under

12

article 39.14. *Garcia*, 2022 WL 3452413, at *5 ("Here, the evidence conclusively establishes that the complained-of pictures were not in the State's possession, custody, or control because of a technical issue with uploading the pictures to the computer. Therefore, the trial court's dismissal on this basis was erroneous."); *see also Chandler v. State*, No. 02-18-00166-CR, 2018 WL 6565812, at *1 n.2 (Tex. App.—Fort Worth Dec. 13, 2018, pet. ref'd) (mem. op., not designated for publication) ("[T]he State's duty to turn over material evidence and exculpatory evidence does not extend to lost items but instead is limited to items in its possession, custody, or control.").

The parties agree that the complained-of lost evidence here is not in the State's possession, custody, or control. *See Watkins*, 619 S.W.3d at 277; *see also* TEX. CODE CRIM. PROC. ANN. art. 39.14(a). Therefore, in accordance with our precedent, dismissal under article 39.14 was error. *See Mungia*, 119 S.W.3d at 816; *Fellows*, 471 S.W.3d at 568–69.

We sustain the State's sole issue.

### III.    CONCLUSION

We reverse and remand for proceedings consistent with this memorandum opinion.

CLARISSA SILVA
Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
23rd day of May, 2024.

13