

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0149-23

### THE STATE OF TEXAS

v.

### IVAN GABALDON, Appellee

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE EIGHTH COURT OF APPEALS EL PASO COUNTY

FINLEY, J., filed a dissenting opinion in which KEEL, J., joined.

## DISSENTING OPINION

This is not a speedy trial case. This is a prosecutorial vindictiveness case. The State indicted Appellee for murder. Nine months after the filing of Appellee's indictment, at a pre-trial hearing, the State indicated that it was

not ready to proceed to trial. Appellee stated he opposed any continuance to his trial date. Despite opposing bond at an earlier juncture in the case, the State offered that Appellee be released on his own recognizance in exchange for a continuance. Appellee declined. The trial court did not immediately rule on the State's motion for continuance but indicated from the bench that it would likely deny the State's motion to continue. The very next day, the State reindicted Appellee for capital murder, and later filed a notice indicating its intent to seek the death penalty. Appellee moved to dismiss the capital murder indictment, arguing that the State violated his due process rights, and that the prosecution was vindictive. After an evidentiary hearing, the trial court concluded that the State reindicted Appellee in retaliation for Appellee's insistence to proceed to trial and granted Appellee's motion to dismiss for prosecutorial vindictiveness. The trial court's order specifically stated that the case was dismissed "with prejudice." The State timely appealed, and the court of appeals affirmed. *State v. Gabaldon*, 661 S.W.3d 558, 563 (Tex. App.—El Paso 2023). The State's Petition for Discretionary Review *does not* challenge the finding of prosecutorial vindictiveness and instead is limited to the question of remedy. I would affirm. Because the Court does not, I respectfully dissent.

## I.    Applicable Law

"It is well established that there is no general authority that permits a trial court to dismiss a case without the prosecutor's consent." *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003) (collecting cases). A trial court should ordinarily avoid dismissing an indictment because dismissal is a "drastic measure only to be used in the most extraordinary of circumstances." *State v. Frye*, 897 S.W.2d 324, 330 (Tex. Crim. App. 1995). Absent the State's consent, a trial court commits an abuse of discretion by dismissing an indictment "where there is no constitutional violation, or where the appellee's rights were violated but dismissal of the indictment was not necessary to neutralize the taint of the unconstitutional action." *Mungia*, 119 S.W.3d at 817 (citing *Terrazas*, 962 S.W.2d at 42). These principles outline the "basic test" used to determine whether a trial court abused its discretion in dismissing an indictment. *Terrazas*, 962 S.W.2d at 42 n.4.

A trial court, by dismissing an indictment with prejudice, is in effect, instructing the prosecutor not to proceed with future charges arising from the same offense. *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 897–98, 900 (Tex. Crim. App. 1984). A trial court may not dismiss an indictment with prejudice without the prosecutor's consent except when it is authorized to do so "by constitution, statute, or common law." *Mungia*, 119 S.W.3d at 816. Some of

these circumstances include "*when a defendant has been denied a speedy trial*, when there is a defect in the charging instrument, or . . . when a defendant is detained and no charging instrument is properly presented." *Johnson*, 821 S.W.2d at 612 n.2 (emphasis added).

## II.    Analysis

To "punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'" *United States v. Goodwin*, 457 U.S. 368, 372 (1982) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)). It is "patently unconstitutional" whenever the state "pursue[s] a course of action whose objective is to penalize a person's reliance on his legal rights." *Bordenkircher*, 434 U.S. at 636 (citing *Chaffin v. Stynchcombe*, 412 U.S. 17, 32–33 n.20 (1973)). Appellee alleges that the State reindicted him for the offense of capital murder to punish him for exercising his speedy trial rights.

*United States v. Morrison*, 449 U.S. 361 (1981), is instructive to the resolution of this case. There, Morrison was indicted on two counts of distributing heroin. *Id.* at 362. After Morrison retained private counsel and knowing that Morrison had retained counsel, agents of the Drug Enforcement Agency (DEA) met with her to persuade her to cooperate in a related investigation. *Id.* During the conversation, the DEA agents disparaged

Morrison's retained counsel, and "indicated that [she] would gain various benefits if she cooperated but would face a stiff jail term if she did not." *Id.* Morrison subsequently sought "to dismiss the indictment with prejudice on the ground that the conduct of the [DEA] agents violated her Sixth Amendment rights to counsel." *Id.* at 363. The district court denied the motion but, on appeal, the Third Circuit reversed. *Id.* The Supreme Court reversed once more, holding that dismissal with prejudice was unwarranted because the "egregious behavior" of the DEA agents "had no adverse impact upon the criminal proceedings." *Id.* at 367. The Court stressed that "[t]he remedy in the criminal proceeding is limited to denying the prosecution the fruits of its transgression." *Id.* at 366.

Appellee's case is worse than *Morrison*, and the *Morrison* framework supports affirming the court of appeals. The State's "transgression" here was reindicting Appellee for capital murder and seeking the death penalty. Although not challenged, the trial court and the court of appeals found that Appellee "produced objective evidence" of prosecutorial vindictiveness. *Gabaldon*, 661 S.W.3d at 565. The "fruits" of the State's "transgression" were, in effect, a continuance to which it was not entitled. The State sought that continuance by reindicting Appellee for capital murder, in hopes that it would receive additional time to prepare for trial. The State violated Appellee's due

process rights.[1] If the State may proceed with prosecuting Appellee for murder, then it will profit from the fruits of its own transgressions. Thus, the trial court was within its discretion to determine that the proper remedy was barring the State from prosecuting Appellee for the alleged murder offense.[2]

This conclusion is supported in our prior jurisprudence. As we explained in *Mungia*, a trial court abuses its discretion by dismissing a prosecution with prejudice where dismissal of the indictment was not necessary to neutralize the taint of the unconstitutional action. 119 S.W.3d at 817. Furthermore, in *Johnson*, we recognized that one of the circumstances in which dismissal with prejudice is justified includes "when a defendant has been denied a speedy trial." 821 S.W.2d at 612 n.2. The State sought reindictment for the purpose of receiving a continuance for its prosecution of Appellee's murder case. The only means to "neutralize the taint" of this violation is to prevent the State from further prosecuting Appellee. The trial court was within its discretion to decide

---

[1] It does not matter whether "Appellee's right to a speedy trial was not violated." *Contra* Maj. Op. at 27. To "punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'" *Goodwin*, 457 U.S. at 372. Appellee's due process rights were violated when the State vindictively reindicted Appellee for capital murder in retaliation for Appellee exercising his right to a speedy trial.

[2] Certainly, if one happened to have a time machine, one could go back in time and find a lesser remedy. The trial court could have, in the moment, dismissed the capital murder prosecution and forced the parties to trial on the alleged murder offense, thereby obviating any speedy trial concerns. But that did not happen, and the State appealed, so that remedy is no longer available.

that the proper remedy was a complete dismissal of the charges against Appellant.

## III.   Conclusion

The question before the Court, in essence, is whether a lesser remedy than dismissal with prejudice is available to correct the State's transgressions. The State suggests that dismissal without prejudice would do the trick. But dismissal without prejudice would give the State exactly what it has always sought: a continuance and an opportunity to prosecute Appellee again.[3] The State wants another bite at the apple, even though it had ample opportunity to prepare for trial on December 2, 2021. Yet 2021 was too soon for the State, so it resorted to retaliation. There is no lesser remedy than the one endorsed by the court of appeals below. Anything short of a complete prohibition on prosecuting Appellee would incentivize the State to act in the same way in future cases, flagrantly disregarding the rights of defendants. The trial court

---

[3] Article 29.03 of the Code of Criminal Procedure provides that, "A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion. A continuance may be only for as long as is necessary." TEX. CODE CRIM. PROC. art. 29.03. "The matter of continuance is traditionally with the discretion of the trial judge." *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). The Court's opinion today creates, in essence, a legal loophole to circumvent Article 29.03 and a trial judge's discretion to deny a motion to continue a trial setting. After today, the State can receive a free continuance, knowing that the Court's decision today renders a trial court's decision to dismiss a case with prejudice an abuse of discretion. The State cannot have its cake and eat it, too.

was within its discretion when it declined to endorse such conduct. I, too, will

not endorse such conduct today.[4] Because the Court implicitly does, I dissent.

**Filed: September 3, 2025**
**Publish**

---

[4] This decision could have served as strong medicine to remedy the State's misconduct. The concurring Justice below had it right: "[T]he State's misconduct has robbed the community, most especially the [complainant's] loved ones, of the process of determining the truth about what happened" in this case. *See Gabaldon*, 661 S.W.3d at 568 (Soto, J., concurring).